FILED
United States Court of Appeals
Tenth Circuit

April 27, 2010

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

CHRISTOPHER YNOCENSIO
YSAIS,

        Plaintiff-Appellant,

v.

BILL RICHARDSON, individually
and in his official capacity as
Governor, State of New Mexico;
MARY‑DALE BOLSON, individually
and in her capacity as Cabinet
Secretary of the Department of
Children Youth and Family, State of
New Mexico; KAREN PRICE,
individually and in her official
capacity as Agency Head of Children
Youth and Family, State of New
Mexico; DAVID MONTOYA,
individually and in his official
capacity of Supervisor of Children
Youth and Family, State of New
Mexico; JULIE BODENNER,
individually and in her official
capacity of Supervisor of Children
Youth and Family, State of New
Mexico; JENNIFER LYNN,
individually and as an employee of
Children Youth and Family, State of
New Mexico; STATE OF NEW
MEXICO, SECOND JUDICIAL
DISTRICT COURT; FAMILY
COURT CLINIC DIVISION; BETH
ROTH, individually and in her
capacity as Supervisor of the Family

No. 09-2111

Court Clinic Division of the Second Judicial District Court; TERRY ASHCOM, individually and in her capacity as an employee of the Family Court Clinic Division of the Second Judicial District Court; DIANN SHEPPARD, individually and in her capacity as an employee of the Family Court Clinic Division of the Second Judicial District Court; RIO RANCHO POLICE DEPARTMENT; CHRIS PINO, in his capacity as an Investigative Sergeant of the Rio Rancho Police Department; JEFF CHAVEZ, individually and in his capacity as a Rio Rancho Police Officer; BRIAN LINK, individually and as a Detective in the Rio Rancho Police Department; ABRAZOS, INC.; ELIZABETH SIMS, individually and in her capacity as an employee of Abrazos; PRESBYTERIAN HOSPITAL; MARY DENTZ, individually and in her capacity as a Nurse Practitioner employed by Presbyterian Hospital; KAREN WALSH, individually and in her capacity as a Doctor employed by Presbyterian Hospital; UNIVERSITY OF NEW MEXICO HOSPITAL; CAROL CLERICUZIO, individually and in her capacity as an employee of the University of New Mexico Hospital; JUDITY LEDMAN, individually and in her capacity as a Doctor employed by University of New Mexico Hospital; RIO RANCHO PUBLIC SCHOOLS; SHINING STARS PRE-SCHOOL; JOAN HROMAS, individually and in her

-2-

capacity as an employee of Rio Rancho Public Schools; 13TH JUDICIAL DISTRICT ATTORNEY'S OFFICE; CARLOS ELIZANDO, individually and in his capacity as an Assistant District Attorney; JODY CARRASCO, individually and in her capacity as an employee of the 13th Judicial District Attorney's Office; TAMMY ROSEN, individually and in her capacity as owner of Memorable Moments Daycare; DONNA EARL, individually and in her capacity as owner of Cozy Daycare; GAYLE ZIEMAN, in his capacity as contractor with the Second Judicial District Court Family Clinic; HAVEN HOUSE; CONSUELO LEYBA; ANTHONY LEYBA; STATE OF NEW MEXICO, SECOND JUDICIAL DISTRICT, Family Clinic Division; JANE DOE, 1, individually and in her capacity as an employee of Abrazos, Inc.; JOHN DOE, 1, individually and in his capacity as an employee of Abrazos, Inc.; MEMORABLE MOMENTS DAYCARE; COZY DAYCARE; CITY OF RIO RANCHO; ABRAZOS FAMILY SUPPORT SERVICES,

Defendants–Appellees.

**APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW MEXICO (D.C. No. 1:07-CV-00287-JB-RLP)**

Submitted on the briefs:[*]

Christopher Ynosencio Ysais, Appellant-Pro Se.

Kevin M. Brown, Joel M. Young, The Brown Law Firm, Albuquerque, New Mexico for Appellees Rio Rancho Public Schools, Shining Stars Pre-School, and Joan Hromas.

Kathleen M. Wilson, Mariposa Padilla Sivage, Keleher & McLeod, P.A., Albuquerque, New Mexico for Appellee Dr. Gayle Zieman.

Nancy Franchini, Gallagher, Casados & Mann, P.C., Albuquerque, New Mexico for Appellees Abrazos and Elizabeth Sims.

Before **LUCERO**, **PORFILIO**, and **MURPHY**, Circuit Judges.

**PORFILIO**, Circuit Judge.

After he was acquitted of criminal child abuse charges, Christopher Ynocensio Ysais brought this action against various defendants charging violations of his civil rights. He alleged causes of action pursuant to 42 U.S.C. § 1983 and state law. The district court eventually dismissed all defendants, primarily on the basis of various forms of immunity. Mr. Ysais appeals. We dismiss his appeal in part for lack of jurisdiction, and affirm in part. In addition, we impose restrictions on his future filings with this court.

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

-4-

**ANALYSIS**

## I. Jurisdiction

The issue of our appellate jurisdiction is complicated by the sheer number of orders entered in this case and by Ysais's tendency to file successive motions for reconsideration. On February 20, 2009, the district court entered its amended final judgment. The judgment adjudicated all of Ysais's existing claims against all defendants except those against his ex-wife, defendant Consuelo Leyba.[1] In its judgment, the district court entered a certification under Fed. R. Civ. P. 54(b) making the judgment final and immediately appealable even though claims remained pending against Leyba.

The district court's entry of a proper Rule 54(b) certification started the clock running for Ysais to file a notice of appeal. *Wineman v. Fid. Capital Appreciation Fund (In re Integra Realty Resources, Inc.)*, 262 F.3d 1089, 1107 (10th Cir. 2001) ("[A] district court's proper certification of an order under Rule 54(b) ordinarily starts the clock running for purposes of filing notice of appeal."). He had thirty days in which to appeal from the amended final judgment. *See* Fed. R. App. P. 4(a)(1)(A).

---

[1] In its judgment, the district court also dismissed defendant Haven House without prejudice for failure of service.

On March 1, 2009, however, he filed a motion for reconsideration of the judgment.[2] Since this motion was filed within ten days of the entry of the amended final judgment, it was treated as a motion to alter or amend under Fed. R. Civ. P. 59(e).[3] Ysais's filing of this motion extended his time to appeal from the amended final judgment until thirty days after the district court disposed of the motion. *See* Fed. R. App. P. 4(a)(4)(A)(iv).

The district court denied the motion for reconsideration on March 28, 2009. This restarted the thirty-day clock for filing a notice of appeal from the amended final judgment. It also started a new thirty-day period if Ysais wished to file a notice of appeal from the order denying the motion for reconsideration.

---

[2] The federal rules do not recognize a motion to reconsider. A litigant seeking reconsideration must file a motion to alter or amend judgment pursuant to Fed. R. Civ .P. 59(e), or a motion seeking relief from judgment under Fed. R. Civ. P. 60(b). *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A Rule 59(e) motion must be filed within ten days of the entry of judgment, and if timely, it tolls the time for filing the notice of appeal under Fed. R. App. P 4(a)(4). A motion for reconsideration filed after the ten-day period is construed as a motion seeking relief from judgment under Rule 60(b). *Id.*

[3] Effective December 1, 2009, Rule 59 has been amended to provide that a motion to alter or amend a judgment may be filed within 28 days after the entry of judgment. We cite the earlier version of the rule, requiring filing of the motion within ten days, since the ten-day period expired prior to the effective date of the revision to the rule.

Two days later, on March 30, 2009, the district court entered final judgment in favor of Leyba.[4] Ysais had thirty days, until April 29, 2009, to appeal from this new final judgment in favor of Leyba.

On April 6, 2009, Ysais filed a second motion seeking reconsideration. He asked the district court to reconsider (1) its March 30 order granting judgment to Leyba and (2) its March 28 order denying his motion for reconsideration of the amended final judgment. While this second motion for reconsideration tolled Ysais's time to appeal (1) from the denial of the first motion for reconsideration, *see Venable v. Haislip*, 721 F.2d 297, 299 (10th Cir. 1983), and (2) from the final judgment dismissing Leyba, it did *not* extend the time for filing a notice of appeal from the underlying amended final judgment. *See United States v. Marsh*, 700 F.2d 1322, 1324-28 (10th Cir. 1983) (rejecting use of successive tolling motions to obtain additional time to file notice of appeal). Any notice of appeal from the amended final judgment therefore should have been filed on or before April 27, 2009.

On April 29, 2009, two days *after* the deadline, Ysais finally filed a notice of appeal. This notice essentially challenged every order entered in the case to

---

[4]    Although it appears that the case had now been completely resolved against all defendants, perhaps out of an abundance of caution the district court also entered a Rule 54(b) certification as to this judgment.

-7-

date. The jurisdictional effect of this notice of appeal may be summarized as follows:

1. The notice of appeal was untimely and thus ineffective to challenge the amended final judgment. Ysais's second motion for reconsideration did not extend the deadline for filing his notice of appeal from that judgment.

2. The second motion for reconsideration extended the time for filing a notice of appeal from the order granting judgment in favor of Leyba. Therefore, the appeal was timely as to the order dismissing the claims against her. Ysais's notice of appeal ripened as to Leyba when the district court denied the second motion for reconsideration on May 28, 2009. *See* Fed. R. App. P. 4(a)(4)(B)(i).

3. The second motion for reconsideration also extended the time for filing a notice of appeal from the order denying the first motion for reconsideration. *Venable*, 721 F.2d at 299. Thus, the appeal is timely as to that order. But we may consider *only* issues specifically raised in the first motion for reconsideration *and* specifically briefed on appeal.

4. Ysais never appealed from the district court's order denying the second motion for reconsideration. That order is therefore not before us. *See* Fed. R. App. P. 4(a)(4)(B)(ii) (requiring party to file new or amended notice of appeal to challenge denial of tolling motion).

We may consider *only* those issues properly justiciable in this appeal: the district court's dismissal of all claims against Leyba and its denial of Ysais's first

motion for reconsideration. The notice of appeal is untimely as to the other final orders. Having clarified our jurisdiction, we turn to the merits of the appeal.

## II. Claims Against Leyba

The district court granted in part Leyba's motion to dismiss "to the limited extent some of the claims against Leyba fall within the scope of N. M. Stat. Ann. 1978, § 32A-4-3, which requires Leyba to report any suspicion of child abuse." R. doc. 390, at 2. She then filed a motion seeking to be excused from any further hearings in the case, which the district court construed as a motion to dismiss or for summary judgment. It granted Ysais the opportunity to respond to the motion. It later dismissed the remaining claims against Leyba, finding that the federal claims had been resolved and that to the extent Ysais raised potential state-law claims involving defamation, slander, libel, and malicious prosecution against her, it would decline to exercise supplemental jurisdiction over them.

In his opening brief in this court, Ysais makes no argument specifically tailored to the district court's orders dismissing the claims against Leyba. He does not address immunity under § 32A-4-5(B) or the district court's decision to decline supplemental jurisdiction. He does argue that "[a]ll defendant[s] are included in all [his] arguments" even if not specifically mentioned. Aplt. Opening Br. at 25. But none of his broadly-presented arguments justify reversal of the orders dismissing his claims against Leyba.

Ysais's essential contention on appeal is that the district court's application of various forms of immunity to his claims denied him his constitutional rights, including his right to a jury trial. But he fails to substantiate his assertion that judicial and prosecutorial immunity (and, presumably, the immunity for reporting incidents of child abuse created by § 32A-4-5(B)) is unconstitutional. In fact, official immunity is inherently constitutional. *See Christensen v. Ward*, 916 F.2d 1462, 1465, 1472-73 (10th Cir. 1990) (affirming district court rationale upholding constitutionality of common law doctrine of immunity); *Edelstein v. Wilentz*, 812 F.2d 128, 131 (3rd Cir. 1987) ("The Constitution does not create a fundamental right to pursue specific tort actions. States may create immunities which effectively eliminate causes of action, subject only to the requirement that their action not be arbitrary or irrational."). In light of this basic principle, we affirm the district court's order of summary judgment in favor of Leyba.

## III. Claims Raised in First Motion to Reconsider

"We review a district court's denial of a Fed. R. Civ. P. 59(e) motion for reconsideration under an abuse of discretion standard." *Barber ex rel. Barber v. Colo. Dep't of Revenue*, 562 F.3d 1222, 1228 (10th Cir. 2009). "We will not disturb such a decision unless we have a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." *Id.* (quotation omitted). Having reviewed Ysais'

Rule 59(e) motion, we find that it contains conclusory statements and meritless arguments. The district court did not abuse its discretion in denying the motion.

## IV. Filing Restrictions

Federal courts have the inherent power to regulate the activities of abusive litigants by imposing carefully tailored restrictions under appropriate circumstances. *Tripati v. Beaman*, 878 F.2d 351, 352 (10th Cir. 1989). Injunctions restricting further filing are appropriate where (1) "the litigant's lengthy and abusive history" is set forth; (2) the court provides guidelines as to what the litigant "must do to obtain permission to file an action"; and (3) the litigant received "notice and an opportunity to oppose the court's order before it is instituted." *Id.* at 353-54.

Ysais has a history of abusive and frivolous filings with this court. In *Ysais v. Ysais*, No. 08-2219, he filed an appeal over which we lacked jurisdiction seeking review of a district court order remanding his divorce case to state court. Notwithstanding the explanation in our dismissal order that we lack jurisdiction to consider such remand orders, after the appeal was dismissed he returned to district court and filed a motion under Fed. R. Civ. P. 60(b), again seeking to challenge the remand order. Before the district court had ruled on this motion, he filed a second, premature appeal to this court, *Ysais v. Ysais*, No. 09-2196, which was also subject to dismissal both because no final order existed and because as

we had already explained we lack jurisdiction to consider appeals from remand orders.

In another prior federal court action, Ysais challenged the actions of various actors involved with state court child-custody proceedings. The district court dismissed this prior civil rights suit under the abstention doctrine of *Younger v. Harris*, 401 U.S. 37 (1971). Ysais appealed, and we dismissed his appeal as frivolous. *Ysais v. Children Youth & Family Dep't*, No. 09-2125, 2009 WL 4048782, at *1 (10th Cir. Nov. 24, 2009) (unpublished).

The current appeal is one of three that Ysais has recently pursued in this court, all connected with divorce, child-custody, or child-abuse issues. Ysais has been a remarkably prolific litigator. The record in this case alone consists of 4200 pages. In his motions to supplement the record, Ysais contends that one-third of the district court record is missing, possibly bringing the actual record size--in a case that was disposed of at a motion-to-dismiss stage--to a whopping 6,300 pages. Nor has the limited opportunity usually afforded for filing pleadings at the appellate stage served as a deterrent. Ysais has filed more than thirty-five appellate motions in this case alone that have been referred to the merits panel, many of them repeatedly seeking the same relief and nearly all of them patently frivolous. His electronic filing privileges were revoked after he bombarded this court with electronically-filed motions. Statements in his recent motions lead us to believe that further litigation may be forthcoming.

We conclude that Ysais's previous appellate filings warrant imposing limited restrictions upon him with respect to further pro se filings with this court. Therefore, in order to proceed pro se in this court in any appeal or original proceeding relating to his divorce, child-custody, or child-abuse proceedings, Ysais must provide this court with:

1. A list of all appeals or original proceedings filed concerning his divorce, child-custody, or child-abuse proceedings, whether currently pending or previously filed with this court, including the name, number, and citation, if applicable, of each case, and the current status or disposition of each appeal or original proceeding; and

2. A notarized affidavit, in proper legal form, which recites the issues he seeks to present, including a short discussion of the legal basis asserted therefor, and describing with particularity the order being challenged. The affidavit must also certify, to the best of Ysais's knowledge, that the legal arguments being raised are not frivolous or made in bad faith; that they are warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; that the appeal or original proceeding is not interposed for any improper purpose, such as delay or to needlessly increase the cost of litigation; and that he will comply with all appellate and local rules of this court.

These filings shall be submitted to the Clerk of the court, who shall forward them for review to the Chief Judge or his designee, to determine whether to

-13-

permit Ysais to proceed with a pro se appeal or original proceeding. Without such authorization, the matter will be dismissed. If the Chief Judge or his designee authorizes a pro se appeal or original proceeding to proceed, an order shall be entered indicating that the matter shall proceed in accordance with the Federal Rules of Appellate Procedure and the Tenth Circuit Rules.

In addition, Ysais shall not submit any further pleadings or motions in this court not specifically sanctioned by the Federal Rules of Appellate Procedure. In the event that such a motion or pleading is submitted, the clerk of court may return it to Ysais unfiled.

Ysais shall have ten days from the date of this order and judgment to file written objections, limited to fifteen pages, to these proposed filing restrictions. If he does not file timely objections, the filing restrictions will take effect twenty days from the entry of this order and judgment. If he does file timely objections, these filing restrictions will not take effect unless the court rules against Ysais on his objections, in which case these filing restrictions shall apply to any filing with this court after that ruling.

This appeal is DISMISSED in part for lack of a timely notice of appeal as to all final orders appealed from except the district court's order dismissing Ysais's claims against Consuelo Leyba and its order denying Ysais's motion for reconsideration. As to those orders, the judgment of the district court is AFFIRMED. We DENY Ysais's motion to proceed in forma pauperis. We note

-14-

that Ysais has filed many motions unauthorized by the Rules of Appellate

Procedure and lacking in merit.  All pending motions are DENIED.