FILED
United States Court of Appeals
Tenth Circuit

September 27, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

PAMA VENTURES, LLC, a
Washington limited liability company,

Plaintiff-Appellee,

v.

BRIAN WELLENS,

Defendant-Appellant.

No. 10-1313
(D.C. No. 1:09-CV-01426-REB-CBS)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **MATHESON**, **McKAY** and **EBEL**, Circuit Judges.

---

Plaintiff PAMA Ventures, LLC (PAMA) brought this action seeking money

damages and a declaratory judgment concerning its rights as obligee under a

promissory note (the Note) executed in its favor by defendant Brian Wellens.  The

district court granted summary judgment in favor of PAMA on its damage claim

against Wellens and entered judgment on the promissory note, awarding PAMA

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is
therefore ordered submitted without oral argument.  This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel.  It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

the Note's unpaid principal, unpaid interest, attorney's fees and costs, and prospective interest.[1]  Wellens does not challenge the existence of the Note, its stated terms, or his failure to repay it as required under its provisions.  Rather, he contends that the Note was satisfied when PAMA's principals fraudulently and deceptively hid behind a strawman purchase (the "Cypress Transaction") to obtain a complete beneficial ownership interest in Casa Brisas, the Mexican real property that secured Wellens's obligations under the Note.

## ANALYSIS

The parties are familiar with the facts and we need not recite them in detail here.  Accordingly, we proceed to our analysis of the issues presented.

### 1.  Jurisdictional Issue

At the outset, we must resolve an issue concerning our jurisdiction.  After PAMA sued him on the Note, Wellens filed a third-party complaint in this action, asserting claims against certain third-party defendants.  The third-party claims were later dismissed without prejudice by stipulation.  After Wellens appealed, we entered an order tolling briefing, noting that "because those [third-party] claims were dismissed without prejudice, the judgment may not be final for purposes of appeal."  Order, at 1 (Aug. 31, 2010).

---

[1]     The district court concluded that PAMA had abandoned its declaratory judgment claim, a conclusion that PAMA has not challenged in this appeal.

-2-

On September 3, 2010, the district court entered an order certifying its summary judgment as a final order pursuant to Fed. R. Civ. P. 54(b). Wellens has presented the 54(b) certification to this court. Because the district court entered a Rule 54(b) certification, the judgment appealed from is a final order. *See, e.g., Ysais v. Richardson*, 603 F.3d 1175, 1177 (10th Cir.) (entry of certification under Rule 54(b) made judgment final and immediately appealable even though claims remained pending against one defendant), *cert. denied*, 131 S. Ct. 163 (2010). We therefore have jurisdiction to decide this appeal.

## 2. The District Court's Reasoning

In granting summary judgment to PAMA, the district court reasoned as follows. Under Colorado law, PAMA's claim on the Note was essentially a breach-of-contract claim. Such a claim required PAMA to prove four elements: (1) the existence of the contract; (2) performance by the plaintiff; (3) defendant's failure to perform; and (4) damages suffered by the plaintiff as a result of the defendant's breach. *See Western Distributing Co. v. Diodosio*, 841 P.2d 1053, 1058 (Colo. 1992). The district court concluded that Wellens only disputed the fourth element, PAMA's damages. In this regard it noted that "Wellens claims that, as a result of the Cypress Transaction, PAMA recovered the bulk of the amount due under the note" and that "as a result of the Cypress Transaction and subsequent events, [PAMA's principals] now have net equity in the property of about 891,000 dollars." Aplt. App., Vol. II at 600.

The district court did not accept Wellens's conclusions concerning PAMA's alleged lack of damages, however, because it found that the PAMA principals who engaged in the Cypress transaction were not equivalent to PAMA itself. Since the obligation in the Note ran to PAMA and not its principals, the Cypress Transaction engaged in by PAMA's principals did not reduce the amount of damages suffered by PAMA and it did not reduce Wellens's obligation on the Note.

### 3. Standard of Review

Federal-court jurisdiction in this case is founded on diversity of citizenship. "When exercising diversity jurisdiction, we apply state law with the objective of obtaining the result that would be reached in state court." *Butt v. Bank of America, NA*, 477 F.3d 1171, 1179 (10th Cir. 2007).

"We review the grant of summary judgment de novo, applying the same standard as the district court . . . ." *Gwinn v. Awmiller*, 354 F.3d 1211, 1215 (10th Cir. 2004). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). We view the record on summary judgment in the light most favorable to the nonmoving party. *Gwinn*, 354 F.3d at 1215.

### 4. Wellens' Appellate Arguments

Wellens argues the district court's analysis is unsatisfactory for three reasons. He charges that the district court (1) abused its discretion by failing to consider the detailed affirmative defenses he raised in the pretrial order; (2) failed to view the facts in the light most favorable to him by ignoring the fact that PAMA only retained the ability to enforce the Note by concealing its principals' role in the Cypress Transaction; and (3) improperly failed to treat PAMA and its principals as equivalent, thus permitting the corporate form "to be used to avoid disclosure, facilitate concealment, and mask an effective double recovery" in a manner inconsistent with Colorado law and public policy. Aplt. Opening Br. at 3.

Having carefully considered each of these arguments in light of the record, the briefs, and the applicable law, we conclude that the district court did not err in granting summary judgment in favor of PAMA on the Note. While the district court did not specifically discuss each of the defenses Wellens identified in the pretrial order, it correctly concluded that (1) PAMA had demonstrated its entitlement to recover on the Note; (2) "no reasonable fact finder could conclude that Wellens is not liable for the unpaid amounts due under the note"; and (3) PAMA was entitled to summary judgment. Aplt. App., Vol. II at 601. Because our de novo review persuades us that the actions of PAMA and its principals, even if accurately portrayed by Wellens, do not provide a defense to

his obligation on the Note, we affirm the district court's grant of summary judgment.

## CONCLUSION

We AFFIRM the judgment of the district court. PAMA's motion for sanctions against Wellens for filing a frivolous appeal is DENIED.

Entered for the Court

David M. Ebel
Circuit Judge