**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 23, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ALLEN RUSSELL,

     Plaintiff - Appellant,

v.

FINANCIAL CAPITAL
COMPANIES; FINANCIAL
CAPITAL MORTGAGE, INC., liable
officers, owners, employees thereof,
including Mr. Jack Silver, Mr. Thomas
Lutes; THE LAW FIRM OF
ROTHGERBER, JOHNSON &
LYONS, LLP, liable officers, owners
and employees thereof, including, Mr.
Ben M. Ochoa, Ms. Jaclyn K. Casey,
Mr. Stephen T. Johnson; GUARANTY
BANK AND TRUST COMPANY,
liable officers, owners, employees
thereof, including, Mr. Zsolt K.
Bessko, Mrs. Kathleen J. Busby;
DENVER PUBLIC TRUSTEE, liable
officers, owners, employees thereof,
including Mrs. Stephanie Y. O'Malley;
HALAX-WOOD, LLC, liable officers,
owners, employees thereof, including
Mr. Billy Halax, Mr. Mark Spoone;
SAMUELSON INVESTMENTS, LLC.
liable officers, owners, employees
thereof; THOMAS LUTES,
individually; FINANCIAL CAPITAL
COMPANIES, liable officers, owners,
employees thereof; THE STATE OF
COLORADO, liable officers, owners
and employees thereof, including,
Chief Judge Larry Naves, Hon. Judge
R. Michael Mullins, Magistrate Jeffry

No. 11-1243
(D.C. No. 1:08-CV-01182-ZLW)
(D. Colo.)

English, Magistrate Diane Johnson Dupree,

        Defendants - Appellees.

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **HARTZ**, and **HOLMES**, Circuit Judges.[**]

---

Plaintiff-Appellant Allen Russell appeals from the district court's order denying "Plaintiff's Motion to Vacate the Judgment Pursuant to Rule 60(b)(4)(6) (FRCP), and Motion for Appointment of Counsel Pursuant to 28 U.S.C. § 1915(d), and, or, Alternatively, Second Motion for Leave to Amend the Complaint." We denied him leave to proceed on appeal in forma pauperis (IFP) because we agreed with the district court that he does not raise a reasoned, nonfrivolous argument on the law and facts in support of the issues he raises on appeal. We ordered that he pay the filing fees within twenty days or the appeal would be dismissed. Mr. Russell paid the filing fee.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

On June 5, 2008, Mr. Russell filed his pro se civil rights complaint in this action, asserting claims against a plethora of business, attorney, and judicial defendants arising out of the foreclosure of real property in Denver, Colorado. Russell v. Fin. Capital Cos., No. 08-cv-01182-BNB, 2008 WL 4533903, ECF No. 3 (D. Colo. Oct. 6, 2008). He later filed an amended complaint. The district court dismissed the amended complaint, finding that his claims were repetitive of claims previously asserted in two cases that had been resolved against him. See Russell, 2008 WL 4533903, at *1. In the same order, it imposed filing restrictions on Mr. Russell. Id. at *2-*3.

Mr. Russell filed an initial Rule 59(e) motion to reconsider and for extension of time to file a notice of appeal. The district court denied both motions, and this court dismissed his appeal from the denial as untimely. Russell v. Fin. Capital Cos., No. 08-1494 (10th Cir. Dec. 30, 2008). He subsequently filed a motion under Rule 60(b) to vacate the district court's judgment and under Rule 15 to amend his complaint. Russell, 2008 WL 4533903, ECF No. 27. While these motions were pending, he filed a motion to recuse a trial judge. Id. at ECF No. 29. He later filed a motion for new trial under Rule 59, effectively his third motion to reconsider the order of dismissal. Id. at ECF No. 30.

The district court denied the Rule 60(b)/Rule 15 motion as well as the motion to recuse and the third motion to reconsider. Id. at ECF Nos. 28, 31, 32. Both the district court and this court denied Mr. Russell leave to proceed on

appeal IFP. Our order provided that the appeals would be dismissed if the filing fees were not paid in twenty days. Russell v. Fin. Capital Cos., Nos. 09-1216, 09-1228 (10th Cir. Feb. 16, 2010). When the filing fees were not paid, the appeals were dismissed for failure to prosecute. Russell v. Fin. Capital Cos., Nos. 09-1216, 09-1228 (10th Cir. Mar. 15, 2010).

Before us on the merits is effectively Mr. Russell's fourth motion to reconsider the order of dismissal. A Rule 60(b) motion should be granted only in exceptional circumstances. ClearOne Commc'ns v. Bowers, 643 F.3d 735, 754 (10th Cir. 2011). We agree with the district court that the current motion under review is repetitious; the district court did not abuse its discretion in denying it or the motion for appointment of counsel. We also conclude that the filing restrictions previously imposed in the district court with notice are appropriate and consistent with other filing restrictions we have approved given repetitious litigation. See Ysais v. Richardson, 603 F.3d 1175, 1180 (10th Cir. 2010).

AFFIRMED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge