FILED
United States Court of Appeals
Tenth Circuit

April 14, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

JOSE F. VALENCIA,

     Plaintiff – Appellant,

v.

CITY OF SANTA FE; SANTA FE
POLICE DEPARTMENT; GERALD
SOLANO; ERIC B. JOHNSON; ARIC
WHEELER; GERALD RIVERA;
STEPHEN RYAN; JOHN DOES, both in
their official capacities and as individuals,

     Defendants – Appellees.

No. 14-2136
(D.C. No. 1:12-CV-00137-JCH-LAM)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **McKAY**, and **MATHESON**, Circuit Judges.
_____

     After examining the briefs and appellate record, this panel determined

unanimously that oral argument would not materially assist in the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

     Appellant Jose F. Valencia brought multiple claims in the district court related

to the termination of his employment with the Santa Fe Police Department, suing

_____

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel. It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

several members of the police department as well as the department itself and the city of Santa Fe. His complaint included claims under 42 U.S.C. § 1983 alleging Appellees had violated his First, Fourth, and Fourteenth Amendment rights under 42 U.S.C. §1985 alleging a civil conspiracy to violate his federal constitutional rights. Also included were claims under state law alleging wrongful termination, abuse of process, defamation, and violations of the New Mexico Whistleblower Protection Act and the New Mexico Abuse of Privacy Act. The district court dismissed several of Appellant's claims in March 2013. The court subsequently granted Appellees summary judgment on each of the remaining claims in a final judgment issued in February 2014.

In July 2014, Appellant filed three pro se motions for post-judgment relief with the district court. The district court evaluated all three motions as made under Fed. R. Civ. P. 60(b) and denied each.

In August 2014, Appellant filed two separate notices of appeal, one relating to the district court's final judgment, and the other relating to the denial of his three motions for post-judgment relief.

This court has no jurisdiction to consider Appellant's appeal of the final judgment because Appellant far exceeded the time limit to file a direct appeal of the district court's ruling. Fed. R. App. P. 4(a)(1)(A) provides that a notice of appeal in a civil case "must be filed . . . within 30 days after entry of the judgment or order appealed from." Appellant filed his notice of appeal over four months after the

deadline expired, and this court may not now consider his appeal. *See Certain Underwriters at Lloyds of London v. Evans*, 896 F.2d 1255, 1256 (10th Cir. 1990).

Appellant's post-judgment motions were filed more than twenty-eight days after the district court's final judgment, and we therefore construe them as motions for relief pursuant to Fed. R. Civ. P. 60(b). *See Ysais v. Richardson*, 603 F.3d 1175, 1178 & nn.2–3 (10th Cir. 2010).

We review the denial of relief for an abuse of discretion, *see Servants of Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000), keeping in mind that Rule 60(b) relief should be granted only in exceptional circumstances. *See ClearOne Commc'ns v. Bowers*, 643 F.3d 735, 754 (10th Cir. 2011).

The district court considered the merits of each of these motions, including Appellant's assertions that he was not aware of motions to dismiss his claims made by Appellees and that he did not have an opportunity to respond to them before a final judgment was ordered. The district court did not find these assertions credible—noting in particular that Appellant's counsel filed responses to Appellees' motions—and therefore denied Appellant's motions for post-judgment review. Under our deferential standard of review in this case and the narrow grounds for relief provided by Rule 60(b), we are not persuaded the district court abused its discretion in rejecting Appellant's arguments.

We therefore **AFFIRM** the district court's denial of post-judgment relief and

hold that we lack jurisdiction to consider the merits of the underlying judgment. We

**GRANT** Appellant's motion to proceed *in forma pauperis* on appeal.

Entered for the Court


Monroe G. McKay
Circuit Judge