FILED
United States Court of Appeals
Tenth Circuit

October 21, 2016

Elisabeth A. Shumaker
Clerk of Court

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

ERIC WILMER GIBSON,

    Plaintiff - Appellant,

v.

ATTORNEY GENERAL OF THE
UNITED STATES; DEPARTMENT OF
LABOR; NEW ORLEANS POLICE
DEPARTMENT; US CUSTOMS AND
BORDER PROTECTION; U.S. EQUAL
EMPLOYMENT OPPORTUNITY
COMMISSION; EMPIRE TERRACE,
LLC, 50.05%, RMA385 PART;
HUDSPETH COUNTY, Case 498205;
ALBERT HEIN, FBI Personnel Security,

    Defendants - Appellees.

No. 16-1163
(D.C. No. 1:15-CV-02374-LTB)
(D. Colo.)

_____

## ORDER AND JUDGMENT[*]

_____

Before **TYMKOVICH**, Chief Judge, **HARTZ** and **PHILLIPS**, Circuit Judges.

_____

Plaintiff Eric Wilmer Gibson commenced suit in the district court by filing a

sixty-page complaint against a group of defendants including the United States

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Attorney General, the United States Department of Labor, the United States Custom and Border Patrol, and the Equal Employment Opportunity Commission.

In an October 27, 2015 order, the magistrate judge determined that the complaint was prolix and unintelligible. He ordered Mr. Gibson, within thirty days, to file an amended complaint that complied with Rule 8(a) of the Federal Rules of Civil Procedure's requirement to state a short and plain statement of the grounds for the court's jurisdiction, a short and plain statement of his claims showing he is entitled to relief, and a demand for the relief sought. The order cautioned Mr. Gibson that his failure to comply could result in the dismissal of the action without further notice.

Mr. Gibson's response to the magistrate judge's order was to first seek permission to file a 150-page complaint, followed by a request to file a 301-page complaint. On January 7, 2016, the district court entered an order that neither proposed amended complaint met the requirements of Rule 8, and dismissed the case for failure to comply with the magistrate judge's order. A separate judgment dismissing the case also entered on January 7.

On February 8, 2016, Mr. Gibson filed a motion to suspend the district court's order. The court treated the motion as filed under Rule 60(b) of the Federal Rules of Civil Procedure, and denied it on February 11, 2016. Mr. Gibson filed a second motion for relief from judgment on March 10, 2016. The court reviewed the motion under Rule 60(b), and denied it on March 14, 2016.

Mr. Gibson filed three motions on April 15, 2016: (1) to grant Rule 60 relief; (2) to enforce the second amended complaint; and (3) to recuse the district court judge. In an order dated April 18, 2016, the court denied the motions.

On May 6, 2016, Mr. Gibson filed several notices of appeal. But his appeal is timely only as to the district court's March 14, 2016 and April 18, 2016 orders.[1]

In Mr. Gibson's appeal brief, he argues that the district court should not have dismissed his complaint for failure to comply with the magistrate judge's order to file a complaint that complied with Rule 8: "[t]he District Court failed to properly apply all aspects of Rule 8, FRCP to Plaintiff's December 24, 2015 Amended Complaint

---

[1] Because Mr. Gibson's motion to suspend the district court's order (treated as a Rule 60(b) motion) was filed more than twenty-eight days after judgment entered on January 7, 2016, any appeal from that underlying order was due within sixty days, or March 7, 2016, at the latest. And any appeal from the court's February 11, 2016 order denying the motion for reconsideration, was due within sixty days, or April 12, 2016 at the latest. *See* Fed. R. App. P. 4(a)(1)(B), (4)(A)(vi); *Ysais v. Richardson*, 603 F.3d 1175, 1178-79 (10th Cir. 2010).

Mr. Gibson's second motion for reconsideration, filed on March 10, 2016, and which questioned the correctness of the denial of his Rule 60(b) motion, likewise did not extend the time for filing a notice of appeal from the underlying final judgment. *See Yasis,* 603 F.3d at 1178-79. However, any appeal from the denial of the second motion was due no later than sixty days from the denial of the motion on March 14, 2016, or May 13, 2016. Therefore, Mr. Gibson's notice of appeal, filed on May 6, 2016, was timely as to the denial of the second motion. *See* Fed. R. App. P. 4(a)(1)(B).

Mr. Gibson's third group of motions, filed on April 15, 2016, likewise did not extend the time for filing a notice of appeal from the underlying judgment, *see Ysais*, 603 F.3d at 1178-79; however, Mr. Gibson's notices of appeal were timely as to the denial of his third set of motions, *see* Fed. R. App. P. 4(a)(1)(B).

3

documents filed, and to all subsequent Motions filed in this matter." Aplt. Opening Br. at 3.

But Mr. Gibson's "Rule 8 argument" misses the mark because it concerns the merits of the district court's January 7, 2016 order. Instead, "[a]n appeal from a denial of a Rule 60(b) motion addresses only the district court's order denying the motion, and not the underlying decision itself." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000). In other words, Mr. Gibson cannot use his appeal of the denial of a Rule 60(b) motion as "a substitute for a direct appeal." *Id.*

Mr. Gibson does not mention the motion to recuse in his opening brief, and we deem it forfeited. *See Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007) ("[T]he omission of an issue in an opening brief generally forfeits appellate consideration of that issue."). Because Mr. Gibson offers no challenge to the relevant orders on appeal, we affirm the district court's orders entered March 14, 2016 and April 18, 2016.

We grant Mr. Gibson's motions to supplement the record filed on July 13, 2016 and October 11, 2016. We deny Mr. Gibson's motion to proceed *in forma pauperis* and direct him to remit the full filing and docketing fee to the clerk of the district court forthwith. *See DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991) ("In order to succeed on [a] motion [to proceed in forma pauperis] an appellant

4

must show a financial inability to pay the required filing fees *and* the existence of a reasoned, nonfrivolous argument on the law and facts") (emphasis added)).

Entered for the Court

Gregory A. Phillips
Circuit Judge

5