FILED
United States Court of Appeals
Tenth Circuit

August 30, 2018

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

JOSHUA LAMONT SUTTON,

    Plaintiff - Appellant,

v.

CORRECTIONS CORPORATION OF
AMERICA; KIT CARSON
CORRECTIONAL CENTER, (KCCC);
COLORADO DEPARTMENT OF
CORRECTIONS, (CDOC); BOBBY
BONNER; TIFFANY DAVIS; MRS.
BANDEL; MR. MANDIS; MR.
HIMJOSA; MR. SCHWARTZ; MR.
DEMPSEY; MR. ASTEPHAN; LAURIE
LECLAIR; JAMES OLSON; MAGGIE
GIUNTA; TOM MEEK; ANTHONY
DECESARO; GWENDOLYN GRAMM,

    Defendants - Appellees.

No. 18-1202
(D.C. No. 1:17-CV-02994-LTB)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **HARTZ**, and **McHUGH**, Circuit Judges.
_____

    [*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Joshua Sutton appeals the district court's dismissal of his 42 U.S.C. § 1983 suit for failure to pay filing fees or comply with the requirements to proceed in forma pauperis ("IFP") under 28 U.S.C. § 1915(a)(2). Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I

Sutton alleges violations of his constitutional rights arising out of his treatment for Post-Traumatic Stress Disorder. After Sutton filed his complaint, a magistrate judge ordered Sutton to either pay the filing fee or cure deficiencies in his IFP application within thirty days. Sutton submitted a supplemental IFP application, but failed to include a proper copy of his prison trust fund account statement. The magistrate judge issued a second order identifying this deficiency and granting Sutton an additional thirty days to file a complete, updated inmate account statement.[1] The order warned that failure to comply would lead to dismissal of the action. Sutton failed to file an updated inmate account statement, and the district court dismissed the case without prejudice. Sutton filed a post-judgment motion under Fed. R. Civ. P. 60, which the district court construed as a Fed. R. Civ. P. 59(e) motion, and denied. Sutton timely appealed.

## II

We review a dismissal under Fed. R. Civ. P. 41(b) for abuse of discretion. Nasious v. Two Unknown B.I.C.E. Agents, 492 F.3d 1158, 1161 (10th Cir. 2007).

---

[1] The minute order incorrectly stated that Sutton's statement was limited to July 2017. Although the statement includes additional time periods, it does not include the full six-month period prior to the filing of the complaint.

2

We also review the denial of a Rule 59(e) motion for abuse of discretion. Ysais v. Richardson, 603 F.3d 1175, 1180 (10th Cir. 2010). Because Sutton is pro se, we construe his filings liberally but stop short of acting as his advocate. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

Sutton asserts that he included a complete trust fund account statement with his motion to reconsider. Although he referenced such an attachment in his motion, the document is not in the record. Sutton does not provide any basis to conclude that the document was actually attached to his motion when submitted to the district court or that the court deliberately excluded it from the record, as he speculates on appeal. We thus hold that the district court did not abuse its discretion.

### III

**AFFIRMED**. Sutton's motion to proceed IFP on appeal is **GRANTED**.

Entered for the Court

Carlos F. Lucero
Circuit Judge