**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 28, 2021**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

BRETT ANDREW NELSON, House of
Nelson,

     Plaintiff - Appellant,

v.

GORDON GALLAGHER; LEWIS T.
BABCOCK,

     Defendants - Appellees.

No. 21-1000
(D.C. No. 1:20-CV-03525-CMA)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH**, **MURPHY**, and **CARSON**, Circuit Judges.[**]
_____

This is the latest in Plaintiff Brett Andrew Nelson's pattern of meritless

litigation against judicial officers of the United States. Plaintiff has sued federal

district and magistrate judges multiple times. The district court has explained, as

have we, that these suits are meritless and that his repeated filings might subject him

to filing restrictions or other sanctions. See Andrew v. Babcock, 834 F. App'x 471,

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

472 (10th Cir. 2021).[1]  This case is no different.  So, exercising jurisdiction under 28 U.S.C. § 1291, we affirm.  Further, as discussed below, we now impose filing restrictions on Plaintiff.

Plaintiff previously filed three "habeas corpus" cases in the District of Colorado.[2]  Those cases ended in dismissal without prejudice, but Plaintiff did not take a direct appeal.  Instead, Plaintiff filed the instant action, suing United States District Judge Lewis T. Babcock and United States Magistrate Judge Gordon P. Gallagher, both of the District of Colorado.  Although unclear, Plaintiff's filings apparently challenge the Defendants' disposition of the prior habeas cases.

Pursuant to its authority under 28 U.S.C. § 1915A, the district court *sua sponte* dismissed Plaintiff's complaint as frivolous, malicious, and abusive.  Frivolous because the judges possessed absolute immunity from suit.  And malicious and abusive because the district court had advised Plaintiff on numerous occasions that he may not sue judges for damages just because he disagrees with their orders or rulings.  The district court granted Plaintiff's motion to proceed *in forma pauperis* below, but certified that any appeals would not be taken in good faith and therefore preemptively denied any motion for IFP status on appeal.  Finally, the district court

---

[1] Due to discrepancies and oddities in how Plaintiff styles himself, Westlaw has reported his cases as "Andrew v. [defendant]" rather than "Nelson v. [defendant]."  So that these cases may be easily located, we do the same.

[2] Nelson v. Elias, No. 20-cv-1377 (D. Colo. June 24, 2020); Nelson v Jackson, No. 20-cv-1382 (D. Colo. June 24, 2020); Nelson v. Gunnison Cnty. Sheriff, No. 20-cv-3005 (D. Colo. Nov. 12, 2020).

noted that it had, in a different case, ordered Plaintiff to show cause why it should not impose filing restrictions on him.[3]

Judges enjoy absolute immunity from suit for actions taken in their judicial capacity except where they act in the clear absence of all jurisdiction. See Mireles v. Waco, 502 U.S. 9, 11–12 (1991). We agree with the district court's conclusion that the judges acted within their jurisdiction when they dismissed Plaintiff's prior cases and therefore absolute immunity applies. We further agree that Plaintiff's insistence on filing this action, despite repeated warnings that he may not sue judges because he disagrees with their rulings, warrants a finding that the suit is malicious and abusive.

Where the district court accurately analyzes an issue, we see no useful purpose in writing at length. We have thoroughly reviewed the record and Plaintiff's appellate brief and discern no reversible error. Therefore, we AFFIRM for substantially the same reasons set forth in the district court's order. Furthermore, we DENY Plaintiff's motion to proceed IFP on appeal.

## FILING RESTRICTIONS

"Federal courts have the inherent power to regulate the activities of abusive litigants by imposing carefully tailored restrictions under appropriate circumstances." Ysais v. Richardson, 603 F.3d 1175, 1180 (10th Cir. 2010). Filing restrictions are appropriate where the litigant's lengthy and abusive history is set forth; the court provides guidelines as to what the litigant may do to obtain its permission to file an

---

[3] Plaintiff failed to respond to that order and the district court thus imposed the threatened filing restrictions. Andrew v. Babcock, 834 F. App'x 471, 472 (10th Cir. 2021). We affirmed those restrictions. Id.

3

action; and the litigant receives notice and an opportunity to oppose the court's order before it is implemented. Id.

We conclude that Plaintiff's repetitive, frivolous, and abusive filings in this court warrant filing restrictions.[4] Therefore, to proceed pro se in this court in (1) any new civil appeal that involves a suit or other claim against a judicial officer of the United States,[5] such as in Tenth Circuit Case Nos. 20-1423, 20-1426, or 21-1000, or (2) in any original proceeding such as a petition for any extraordinary writ to a judicial officer of the United States, Plaintiff must provide the court with:

1. A list of all appeals filed involving a suit or claim against, and all original proceedings seeking any writ to, a judicial officer of the United States, whether currently pending or previously filed with this court, including the name, number, and citation, if applicable, of each case, and the current status or disposition of each appeal or original proceeding; and

2. A notarized affidavit, in proper legal form, which recites the issues he seeks to present, including a short discussion of the legal basis asserted therefor, and describing with particularity the order being challenged. The affidavit must also certify, to the best of his knowledge, that the legal arguments being raised are not frivolous or made in bad faith; that they are warranted by existing law or a good

---

[4] Andrew v. Walzl, 829 F. App'x 872 (10th Cir. 2020); Andrew v. Talbot, 833 F. App'x 473 (10th Cir. 2021); Andrew v. Walzl, 834 F. App'x 472 (10th Cir. 2021); Andrew v. Babcock, 834 F. App'x 471 (10th Cir. 2021) (disposing of two cases on appeal).

[5] For the purposes of this order, a "judicial officer of the United States" is any United States circuit judge, district judge, magistrate judge, or bankruptcy judge.

4

faith argument for the extension, modification, or reversal of existing law; that the appeal or original proceeding is not interposed for any improper purpose, such as delay or to needlessly increase the cost of litigation; and that he will comply with all appellate and local rules of this court.

Plaintiff will submit these filings to the Clerk of the court, who will forward them to the Chief Judge or his designee to determine whether to permit Plaintiff's proposed pro se civil appeal or original proceeding to proceed. If the Chief Judge or his designee does not grant authorization, the Clerk will dismiss matter on behalf of the court. If the Chief Judge or his designee does grant authorization, the Clerk will enter an order directing that the matter may proceed in accordance with, and that Plaintiff must comply with, the Federal Rules of Appellate Procedure and the Tenth Circuit Rules.

Plaintiff may, within twenty days from the date of this Order and Judgment, file written objections, limited to ten pages or fewer, to these proposed restrictions. Absent further order of the court upon review of any objections, the restrictions will take effect thirty days from the date of this Order and Judgment and apply to any appeal filed by Plaintiff after that time.

Entered for the Court


Joel M. Carson III
Circuit Judge

5