FILED
United States Court of Appeals
Tenth Circuit

June 4, 2013

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

MELVIN KERCHEE, JR.; DEBORAH
SEQUICHIE-KERCHEE,

Plaintiffs-Appellants,

v.

JUDGE MARK SMITH; WILLIAM C.
RILEY, Comanche CO ADA; EMMIT
TAYLOE, Attorney; DAVID B. LEWIS,
Judge OK CCA; OKLAHOMA BAR
ASSOCIATION; LORRAINE
FAIRBOW, Okla. Bar Assoc.; SCOTT
ADAMS, Attorney; OKLAHOMA
DEPARTMENT OF HUMAN
SERVICES, Director; NONA
CUTNOSE, DHS Agent also known as
Ramona Hines; DON MCGEE,
Detective, Lawton Police; FEDERAL
BUREAU OF INVESTIGATION;
MS. DECKER, FBI Agent; JAMES E.
FINCH, FBI Agent; JEAN SCHWARTZ
BRESTLER, Court Reporter;
ATTORNEY GENERAL OF THE
STATE OF OKLAHOMA; JUSTIN
JONES, Director DOC; JOHNNY
BLEVINS, IA DOCA; OKLAHOMA
DEPARTMENT OF CORRECTIONS,
General Counsel; BOBBY BOONE,
Deputy Director DOC; JAMES
CRABTREE CORRECTIONAL
CENTER; WARDEN DAVID PARKER;
BECKY GUFFY, Grievance Coordinator;
FELICIA HARRIS, Law Library
Supervisor; CHARLENE
BREDEL,  Trust Fund Custodian; SGT.
BARKER, Correctional Officer; SGT.
DOOLEY, Correctional Officer; JOHN

No. 12-6080
(D.C. No. 5:11-CV-00459-C)
(W.D. Okla.)

DOES, JCCC Employees; LEAH MURRAH, Mail Room Clerk; JOHN MEADOWS, Mail Room Clerk; KELLY CURRY, Food Service Supervisor; OKLAHOMA DEPARTMENT OF CORRECTIONS MEDICAL DIRECTOR; KATRINA FRECH, Chief Nurse; DR. TROUTT, Medical Doctor DOC; VETERANS ADMINISTRATION, Medical Department, Oklahoma City; MICHAEL GASSAWAY; DR. SMASH; RICHARD LERBLANCE, Senator; OKLAHOMA BAR ASSOCIATION, Director; JOHN DOES, Unnamed OBA Personnel; UNITED STATES GOVERNMENT; FEDERAL BUREAU OF INVESTIGATION, Director; OKLAHOMA DEPARTMENT OF CORRECTIONS; JOHN DOES, Unnamed personnel in the Attorney General's office; VETERANS AFFAIRS, DEPARTMENT OF; VETERANS AFFAIRS, DEPARTMENT OF, Director; JOHN MORRIS WILLIAMS, Executive Director, OBA,

Defendants-Appellees.

**ORDER AND JUDGMENT**[*]

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Before **KELLY**, **McKAY**, and **O'BRIEN**, Circuit Judges.

Melvin Kerchee, Jr. (Melvin) and his wife, Deborah Sequichie-Kerchee (Deborah) (collectively Kerchees), brought this pro se civil rights action to vindicate alleged violations stemming from Melvin's 2005 rape convictions and subsequent prison term.[1] Their complaint spanned 87 pages and raised a host of claims against numerous defendants, including the federal government, the Oklahoma Bar Association (OBA), and Melvin's criminal defense attorneys. The district court adopted multiple reports and recommendations (R&R) issued by a magistrate judge (MJ), explaining—in painstaking detail—why each claim against every defendant failed. We affirm.

I

The Kerchees' complaint was divided into two parts: Part I focused on Melvin's prosecution and conviction for the rape of two minors in 2005, for which he was sentenced to two consecutive ten-year terms; Part II challenged the conditions of his confinement since 2008. Upon referral, the MJ issued a first R&R, dated July 6, 2011, which concluded the causes of action alleged in Part II were subject to dismissal for

---

[1] We liberally construe the Kerchees' pro se materials, but we do not assume the role of their advocate. *See United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) ("[B]ecause Pinson appears pro se, we must construe his arguments liberally; this rule of liberal construction stops, however, at the point at which we begin to serve as his advocate."); *Garret v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) ("The court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record.").

misjoinder because they were predicated on temporally distinct allegations arising from entirely separate transactions, with no legal or factual question common to the Part I claims, and most of the claims in Part I were subject to dismissal for a variety of other reasons, including lack of standing (of Deborah), statute of limitations, and Eleventh Amendment immunity. For the most part the district judge adopted the R&R, but dismissed the claims in Part II with prejudice. She also later adopted several successive R&Rs, dismissing or granting summary judgment to all remaining defendants.

II

A. Appellate Jurisdiction

We first consider our jurisdiction. Appellees have moved to dismiss for want of jurisdiction because the notice of appeal was untimely, viz., filed more than thirty days after entry of judgment. *See* Fed. R. App. P. 4(a)(1)(A). We reject this argument. The Kerchees named as defendants the United States, the FBI, and several federal officials, which afforded them sixty days within which to file a notice of appeal. *See* Fed. R. App. P. 4(a)(1)(B). The district court entered a separate judgment on February 1, 2012. Melvin timely moved for reconsideration, which, as a motion to alter or amend under Fed. R. Civ. P. 59(e), tolled the time to appeal until the motion was denied on February 22. *See* Fed. R. App. P. 4(a)(4)(A)(iv); *Ysais v. Richardson*, 603 F.3d 1175,

- 4 -

1178 n.2 (10th Cir. 2010).[2] The Kerchees had until April 23, 2012, to file their notice of appeal. It was timely filed on March 28. The motions to dismiss are denied.

### B. Merits

#### 1. Part II Claims

As for the merits, the MJ's first R&R issued on July 6, 2011, explained why most of the Kerchees' claims failed. Among many other flaws the Part II claims were misjoined under Fed. R. Civ. P. 21; the MJ recommended dismissal of them without prejudice. The district judge dismissed them with prejudice.

#### 2. Part I Claims

As to Deborah's claims, the MJ recommended dismissal without prejudice for lack of standing. The district court adopted that recommendation and dismissed her claims without prejudice.

The MJ concluded the Melvin's claims under 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), were time-barred under the applicable statute of limitations. *See Meade v. Grubbs*, 841 F.2d 1512, 1522 (10th Cir. 1988) (observing a two-year statute of limitations period for § 1983 claims under Oklahoma law); *Young v. Davis*, 554 F.3d 1254, 1256 (10th Cir. 2009) (same regarding *Bivens* claims). He explained the alleged wrongdoings stemming from Melvin's prosecution and conviction would have been complete by the time of sentencing

---

[2] The second Rule 59(e) motion did not further toll the time. *See Ysais*, 603 F.3d at 1178.

on November 8, 2005, but Melvin (and Deborah) waited until April 26, 2011, to file a complaint. Neither offered an applicable tolling theory to extend the time.

Additionally, the MJ determined Melvin's statutory claims failed and his claims against a state judge were time-barred and foreclosed by judicial immunity, leaving only claims against the OBA, OBA attorney Loraine Farabow, OBA executive director John Morris Williams, OBA contract attorney Scott Adams, unidentified OBA employees, and defense attorneys Emmit Tayloe and Michael Gassaway. As to these defendants, the MJ issued six additional R&Rs concluding they should be dismissed or granted summary judgment because the OBA enjoyed Eleventh Amendment immunity; Ms. Farabow, Mr. Williams, and Mr. Adams owed Melvin no legal duty; the unidentified OBA employees were not served; the statute of limitations had run on all the claims against Mr. Tayloe; and the complaint failed to contain a short and plain statement showing Melvin's entitlement to relief against Mr. Gassaway as required by Fed. R. Civ. P. 8(a)(2). The district judge agreed, adopted these recommendations, and dismissed with prejudice all but the statutory claims, which were dismissed without prejudice.[3]

---

[3] We clarify two aspects of the district court's disposition. First, the MJ recommended dismissal of the claims against the unidentified OBA employees without prejudice. The district court dismissed these claims without specifying whether its dismissal was with or without prejudice because the OBA employees owed Melvin no legal duty, even if they had been identified and served. The court's dismissal of these claims was effectively with prejudice. *See* Fed. R. Civ. P. 41(b) (providing that an unexcepted involuntary dismissal operates as an adjudication on the merits). Second, the court dismissed with prejudice the claims against Mr. Gassaway, finding any amendment futile, with the exception of a potential state-law breach of contract claim, which would warrant dismissal without prejudice.

We review the district court's dismissals for failure to state a claim de novo. *See Colo. Envtl. Coal. v. Wenker*, 353 F.3d 1221, 1227 (10th Cir. 2004) (stating standard of review for dismissals under Fed. R. Civ. P. 12(b)(1) and 12(b)(6)); *McBride v. Deer*, 240 F.3d 1287, 1289 (10th Cir. 2001) (stating standard of review for dismissal under 28 U.S.C. § 1915A). Likewise, our review of a dismissal pursuant to the Eleventh Amendment is de novo, *see Peterson v. Martinez*, 707 F.3d 1197, 1205 (10th Cir. 2013), as is our review of standing questions, *see WildEarth Guardians v. Pub. Serv. Co. of Colo.*, 690 F.3d 1174, 1181-82 (10th Cir. 2012). We also review de novo the district court's grant of summary judgment, which "is proper if, viewing the evidence in the light most favorable to the non-moving party, there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Peterson*, 707 F.3d at 1207.

The Kerchees here advance no less than fourteen general arguments and numerous sub-arguments, challenging either Melvin's state convictions or the district court's judgment on completely meritless and often frivolous grounds. Indeed, despite the breadth of their allegations, the Kerchees have identified no basis for reversing the district court's judgment. We have reviewed the parties' materials, the relevant legal authorities, and the record on appeal, and agree with the MJ's thorough and well-reasoned analyses, all of which were, for the most part, adopted by the district judge. We do part company with the order dated September 27, 2011; it should have dismissed the claims in Part II of the complaint without prejudice. Likewise the

order dated November 21, 2011, which dismissed the claims against the OBA for lack of jurisdiction on Eleventh Amendment grounds, also should have specified that dismissal was without prejudice. So modified, the district court's judgment is affirmed for substantially the same reasons stated by the MJ in his R&Rs dated July 6, 2011, October 24, 2011 (both R&Rs entered on this date), October 26, 2011, November 17, 2011, January 11, 2012, and January 13, 2012, which were, with the exceptions noted, adopted by the district court on September 27, 2011, November 21, 2011, December 7, 2011, and February 1, 2012. Appellees' motions to dismiss are denied, as are all other outstanding requests for relief.

Entered for the Court

Terrence L. O'Brien
Circuit Judge