FILED
United States Court of Appeals
Tenth Circuit

June 20, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

KERMAN-RAY CARR; PRISCILLA-
DENISE CARR,

    Plaintiffs - Appellants,

v.

FERKAM INC., d/b/a Extreme Towing &
Recovery; FEREIDOON SAMIMI;
RANDY BARNES; BRANDON (#09),

    Defendants - Appellees.

No. 16-1070
(D.C. No. 1:15-CV-01419-REB-MEH)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **KELLY**, **HOLMES**, and **MORITZ**, Circuit Judges.
_____

Kerman-Ray Carr and Priscilla-Denise Carr appeal the district court's denial of

their motion to reconsider its order dismissing their civil action.[1] We review an order

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value. *See* Fed. R. App. P. 32.1;
10th Cir. R. 32.1.

[1] The district court dismissed the action on November 25, 2015. On February
22, 2016, the Carrs filed their motion to reconsider and a motion to reopen the time to
file an appeal. The district court denied those motions on February 23, 2016, and
February 24, 2016, respectively. The Carrs then filed a notice of appeal on March 7,
2016. On appeal, the Carrs don't challenge the district court's denial of their motion
to reopen the time to file an appeal. Thus, they have waived any challenge to that

denying a motion to reconsider[2] for abuse of discretion. *Walters v. Wal-Mart Stores, Inc.*, 703 F.3d 1167, 1172 (10th Cir. 2013). And while we will construe the Carrs' pro se filings liberally, we won't act as their advocate. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

In dismissing the underlying action with prejudice, the district court adopted the recommendation of a magistrate judge. The magistrate judge, in turn, based its recommendation to dismiss on the Carrs' failure to appear at a status conference and respond to a show cause order.

In asking the district court to reconsider its order adopting the magistrate judge's recommendation and dismissing their case, the Carrs suggested that they failed to appear at the status conference and respond to the show cause order because they never received from the court "any mail, documents, notices, etc., regarding [their] case." R. 188. And they attributed their non-receipt of those documents to the

---

order. *See City of Colorado Springs v. Solis*, 589 F.3d 1121, 1135 n.5 (10th Cir. 2009). And because the Carrs didn't file a notice of appeal until March 7, 2016, we therefore lack jurisdiction to review the district court's November 25, 2015 order dismissing their case. *See* Fed. R. App. P. 4(a)(1)(A) ("In a civil case . . . the notice of appeal . . . must be filed . . . within 30 days after entry of the judgment or order appealed from."); *Bowles v. Russell*, 551 U.S. 205, 214 (2007) ("[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement."). Nevertheless, the March 7, 2016 notice of appeal is timely as to the district court's February 23, 2016 order denying the Carrs' motion to reconsider. *See* Fed. R. App. P. 4(a)(1)(A). Accordingly, we limit our review to that order.

[2] "The federal rules do not recognize a motion to reconsider. A litigant seeking reconsideration must file a motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e), or a motion seeking relief from judgment under Fed. R. Civ. P. 60(b)." *Ysais v. Richardson*, 603 F.3d 1175, 1178 n.2 (10th Cir. 2010). We construe the Carrs' motion to reconsider as a Rule 60(b) motion because they filed it outside of Rule 59(e)'s 28-day time limit. *See id.*

2

court's refusal to use their correct mailing address. Specifically, they complained that the court refused to comply with their repeated instructions to omit both the two-letter state identifier and the ZIP code from their mailing address.

The district court rejected this argument. It concluded that the Carrs' "purported failure to receive mailings from the court [was] most likely attributable to a deliberate campaign on their part to refuse such mail." *Id.* at 251-52. Because the district court "strongly suspect[ed]" that the Carrs were physically receiving the court's mail but deliberately choosing to return it, and because it found "no rational, nonfrivolous basis" for this behavior, the district court concluded that the Carrs failed to make "a showing of exceptional circumstances warranting relief from" its order dismissing the action. *Id.* at 251-53; *see Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991) ("Relief under Rule 60(b) is discretionary and is warranted only in exceptional circumstances."). Thus, the district court denied the Carrs' motion to reconsider.

On appeal, the Carrs don't challenge the district court's suspicion that they physically received the court's mail but deliberately chose not to accept it. Instead, they suggest that they did, in fact, have a justification for doing so. Specifically, the Carrs allege that their religious beliefs forbid them from accepting any mail that bears what they characterize as the mark of the beast—i.e., "any enumeration or marks from any government." Aplt. Br. at 5 (citing *Revelation* 14:9-11). And they maintain that ZIP codes and two-letter state identifiers constitute such marks.

3

But the Carrs didn't raise this argument—i.e., that their religious beliefs entitled them to special mailing procedures or to reject the court's mail if it failed to comply with those procedures—in their motion to reconsider. Nor do they provide a record citation in their opening brief demonstrating that they otherwise raised this argument below. *See* 10th Cir. R. 28.2(C)(2) (requiring briefs to "cite the precise reference in the record where the issue was raised and ruled on"). We decline to address the argument for the first time on appeal. *See Kleinsmith v. Shurtleff*, 571 F.3d 1033, 1039 (10th Cir. 2009).

Because the Carrs fail to demonstrate that the district court abused its discretion in denying their motion to reconsider, we affirm.

Entered for the Court


Nancy L. Moritz
Circuit Judge

4