**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 26, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

MARTIN VARGAS,

     Petitioner - Appellant,

v.

CARL BEAR,

     Respondent - Appellee.

No. 16-6354
(D.C. No. 5:15-CV-00949-F)
(W.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**
_____

Before **HARTZ**, **HOLMES**, and **BACHARACH**, Circuit Judges.
_____

Applicant Martin Vargas was sentenced by an Oklahoma state court to 50 years' incarceration (with 10 years suspended) for committing burglary, rape, and sodomy. He has applied for relief under 28 U.S.C. § 2254. The United States District Court for the Western District of Oklahoma dismissed his application as untimely and then denied three postjudgment motions. Applicant now requests a certificate of appealability (COA) from this court. *See* 28 U.S.C. § 2253(c)(1)(A) (requiring COA to appeal from dismissal of application under § 2254). He also seeks leave to proceed *in forma pauperis*. Exercising jurisdiction under 28 U.S.C. § 1291, we deny both requests and dismiss this appeal.

We first address our appellate jurisdiction. On November 29, 2016, Applicant mailed to this court a combined application for a COA and brief.[1] We treated the document as a misdirected notice of appeal and sent it to the district court for filing.

As we proceed to explain, this notice was too late to challenge any of the district court's rulings except the denial of the third postjudgment motion. Ordinarily, a notice of appeal must be filed within 30 days after entry of a final order or judgment. *See* Fed. R. App. P. 4(a)(1)(A). But if a party files a motion for reconsideration under Federal Rule of Civil Procedure 59 or 60 within 28 days of the entry of the order or judgment, the time for filing a notice of appeal does not commence until the entry of the order disposing of the motion. *See* Fed. R. App. P. 4(a)(4)(A). This process can be used to extend the appellate deadline just once. *See Ysais v. Richardson*, 603 F.3d 1175, 1178 (10th Cir. 2010) (successive motions do not extend the time for filing a notice of appeal). Application of these rules to the district court's judgment and orders in this case is straightforward.

The district court entered judgment on Applicant's § 2254 application on May 17, 2016. Within 28 days, Applicant filed a motion seeking relief from judgment under Fed. R. Civ. P. 60(b). The court denied the motion on July 26, and Applicant had 30 days from that date—until August 25, 2016—to appeal the judgment. He failed to meet the deadline.

---

[1]  Because Applicant is proceeding pro se, we have reviewed his pleadings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

Within 28 days of the denial of his first motion, Applicant filed a second motion under Fed. R. Civ. P. 60(b). The court denied the second motion on September 27, and Applicant had until October 27, 2016 to appeal the denial of his first motion. Again, he failed to meet the deadline.

If Applicant wanted to extend the deadline for appealing the denial of his second motion, he needed to file a motion for reconsideration of that denial within 28 days—by October 25, 2016. Otherwise, his time for appealing the denial of the second motion would also expire on October 27. But he did not file his third motion until November 4, 2016. Therefore, he failed to timely appeal the denial of his second motion.

The court denied the third motion on November 10, 2016. When Applicant filed this appeal on November 29, 2016, it was timely only to challenge the denial of his third motion for reconsideration.

Our review of Applicant's third postjudgment motion depends on whether it "should be treated as a second or successive habeas [application] . . . [or] as a 'true' 60(b) motion." *Spitznas v. Boone*, 464 F.3d 1213, 1215 (10th Cir. 2006). The motion is treated as a second-or-successive application "if it in substance or effect asserts or reasserts a federal basis for relief from the [applicant's] underlying conviction." *Id.* It is a "true" 60(b) motion if it "challenges only a procedural ruling of the habeas court which precluded a merits determination of the habeas [application]," or if it "challenges a defect in the integrity of the federal habeas proceeding, provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas [application]." *Id.* at 1216. When the district court correctly treated an applicant's

**3**

motion as a "true" Rule 60(b) motion and denied it, we require the applicant to obtain a COA before proceeding with his appeal. *See id.* at 1217–18. When the court "incorrectly treated a second or successive [application] as a true Rule 60(b) motion and denied it on the merits, we will vacate the district court's order for lack of jurisdiction and construe the [applicant's] appeal as an application to file a second or successive [application]." *Id.* at 1219.

Applicant's third postjudgment motion argued that the district court erred by dismissing his habeas application as time-barred rather than on the merits. This was a "true" Rule 60(b) motion. *See Spitznas*, 464 F.3d at 1216 ("[A] motion asserting that the federal district court incorrectly dismissed [an application] for failure to exhaust, procedural bar, or because of the statute of limitations constitutes a true 60(b) motion.").

We next consider whether to grant Applicant a COA to proceed with his appeal of the denial of the third motion. *See Spitznas*, 464 F.3d at 1217–18. A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires "a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the [application] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). If the application was denied on procedural grounds, the applicant faces a double hurdle. Not only must the applicant make a substantial showing of the denial of a constitutional right, but he must also show "that jurists of reason would find it debatable whether the district court was correct in its

**4**

procedural ruling." *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the [application] or that the [applicant] should be allowed to proceed further." *Id.*

Applicant's third motion contended that his habeas claim was not barred by the statute of limitations because he was actually innocent of crimes on which he was sentenced. We agree that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . [or the] expiration of the statute of limitations." *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). The problem with the motion, however, was that this argument had been made in prior motions. In fact, Applicant stated in his third motion that he "*once again re-asserts the fact that he should be entitled to the equitable exception at overcoming the procedural bar of the AEDPA.*" R. at 36 (emphasis added). The district court therefore denied the motion. A motion for reconsideration "is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). No reasonable jurist would find fault with the district court's denial of Applicant's third motion because it raised no new issues.

In any event, Applicant's actual-innocence claim is meritless. He pleaded guilty, but now asserts that he was innocent of the rape and sodomy charges. His evidence of innocence is that (1) there were "many discrepancies" in the victim's story, R. at 47; (2) the victim "allegedly" reported that he was "a gentleman rapist," *id.*; and (3) the "victim

**5**

described her attacker as having a big tattoo on his left forearm, which [Applicant's] counsel had made mention that this was strange, but still elicited a guilty plea," *id.* at 50. This evidence does not suffice. "A prisoner can establish actual innocence in post-conviction proceedings only by bringing forward new exculpatory evidence." *Hale v. Fox*, 829 F.3d 1162, 1171 (10th Cir. 2016), *cert. denied sub nom. Hale v. Julian*, 137 S. Ct. 641 (2017). But by Applicant's own admission, the evidence on which he relies was known to him when he pleaded guilty.[2]

We **DENY** Applicant's request for a COA and dismiss this matter. We also **DENY** his request to proceed *in forma pauperis*.

Entered for the Court

Harris L Hartz
Circuit Judge

---

[2] Applicant devotes much of his brief to explaining why he pleaded guilty. Those reasons allegedly include: (1) his poor English created a language barrier between him and his attorney; (2) he was not given an option to plead guilty to the burglary only; (3) his attorney told him that she would not make the victim endure a trial. These explanations are not new evidence of Applicant's actual innocence and do not help him overcome the procedural bar.