**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 2, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

CEDRIC GREENE,

     Plaintiff - Appellant,

v.

INGLEWOOD HOUSING AUTHORITY;
CINDER ELLER-KIM BELL,

     Defendants - Appellees.

No. 17-4026
(D.C. No. 2:16-CV-00838-DS)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **PHILLIPS**, **McKAY**, and **McHUGH**, Circuit Judges.
_____

Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). A court must dismiss a case upon concluding that it lacks subject-matter jurisdiction. Fed. R. Civ. P. 12(h)(3). The party asserting subject-matter jurisdiction must overcome a presumption against jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

The basic statutory grants of federal subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Section 1331 provides for federal-question jurisdiction, § 1332 for diversity of citizenship jurisdiction. A party invokes § 1331 jurisdiction by pleading a colorable claim "arising under" the Constitution or laws of the United States. *See Bell v. Hood,* 327 U.S. 678, 681–85 (1946). A party invokes § 1332 jurisdiction by demonstrating that the parties have diverse citizenship and that the claim exceeds $75,000. *See* 28 U.S.C. § 1332(a); *Arbaugh*, 546 U.S. at 513.

Here, Cedric Greene sued the Inglewood Housing Authority and Cinder Eller-Kim Bell broadly alleging discrimination and defamation.[1] He alleges that the Inglewood Housing Authority and Bell returned his application for housing to a different housing authority and didn't give him a chance to respond. In his Complaint, he asserts no jurisdictional basis, but his Civil Cover Sheet confirms that all parties are citizens of California. The district court issued an order to show cause why the Complaint should not be dismissed for lack of service. Greene responded that he had not served the defendant because he had yet to request a summons from the court. The district court dismissed Greene's Complaint concluding that it lacked subject-matter jurisdiction. We affirm.

---

[1] Because Greene appears pro se, "we construe his pleadings liberally." *Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003). In doing so, we are more lenient about deficient pleadings, failure to cite appropriate legal authority, and confusion of legal theories. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). But we "cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Id.* And we will not "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997).

A party cannot waive or forfeit a lack of subject-matter jurisdiction. *Arbaugh*, 546 U.S. at 514. After reviewing Greene's Complaint, we agree with the district court that Greene has failed to establish subject-matter jurisdiction. *See Whitelock v. Leatherman*, 460 F.2d 507, 514 (10th Cir. 1972) ("A federal court's jurisdiction must clearly appear from the face of a complaint."). Though Greene broadly asserts that he was discriminated against, he has asserted no basis for federal-question jurisdiction and the parties' lack of diversity defeats any diversity jurisdiction.[2] On appeal, Greene does not even argue that the district court had subject-matter jurisdiction. Thus, the district court's judgment is affirmed.

Entered for the Court

Gregory A. Phillips
Circuit Judge

---

[2] On appeal, Greene argues that he can obtain relief under 28 U.S.C. § 455(b)(1). That section states that a judge should disqualify himself "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." *Id.* Section 455(b)(1) doesn't add to the district court's subject-matter jurisdiction.