FILED
United States Court of Appeals
Tenth Circuit

January 9, 2018

Elisabeth A. Shumaker
Clerk of Court

# UNITED STATES COURT OF APPEALS

# FOR THE TENTH CIRCUIT
_____

CEDRIC GREENE,

     Plaintiff - Appellant,

v.

DIRECT TV, INC.,

     Defendant - Appellee.

No. 17-4145
(D.C. No. 2:16-CV-00964-DB)
(D. Utah)

_____

# ORDER AND JUDGMENT[*]
_____

Before **LUCERO**, **O'BRIEN**, and **MORITZ**, Circuit Judges.
_____

Cedric Greene appeals the district court's determination that it lacked subject matter jurisdiction over this action. Although we agree with that conclusion, we remand with instructions to dismiss without prejudice.

Greene filed suit against Direct TV, Inc. in the U.S. District Court for the District of Utah, asserting claims for false advertisement, breach of contract, and negligence. He alleged that the district court had jurisdiction because the case posed a federal question. A magistrate judge recommended dismissal for lack of subject

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

matter jurisdiction. Over Greene's objections, the district court adopted the recommendation and dismissed the case with prejudice. This timely appeal followed.

The district court was correct to dismiss this case for lack of subject matter jurisdiction. "Any federal court must, sua sponte, satisfy itself of its power to adjudicate in every case and at every stage of the proceeding, and the court is not bound by the acts or pleadings of the parties." Harris v. Ill.-Cal. Express Inc., 687 F.2d 1361, 1366 (10th Cir. 1982) (italics omitted). To establish federal question jurisdiction under 28 U.S.C. § 1331, a question of federal law must appear on the face of the plaintiff's well-pleaded complaint. Rice v. Office of Servicemembers' Grp. Life Ins., 260 F.3d 1240, 1245 (10th Cir. 2001). A plaintiff must demonstrate either "that federal law creates the cause of action," Morris v. City of Hobart, 39 F.3d 1105, 1111 (10th Cir. 1994) (quotation omitted), or that his state-created cause of action "necessarily turn[s] on a substantial question of federal law," Rice, 260 F.3d at 1245. Greene's complaint does not identify any federal statute furnishing the relevant causes of action or a substantial question of federal law raised by his claims. However, "a dismissal for lack of subject matter jurisdiction is without prejudice and does not have a preclusive effect." Garman v. Campbell Cty. Sch. Dist. No. 1, 630 F.3d 977, 985 (10th Cir. 2010).

We also take this opportunity to caution Greene to carefully reflect on the legitimacy of any future claims he may bring in this court. "This court has ordered comprehensive filing restrictions on litigants who have repeatedly abused the appellate process." Ford v. Pryor, 552 F.3d 1174, 1181 (10th Cir. 2008).

2

We therefore **VACATE** the district court's dismissal with prejudice and

**REMAND** with instructions to dismiss for lack of subject matter jurisdiction without

prejudice.

Entered for the Court


Carlos F. Lucero
Circuit Judge