FILED
United States Court of Appeals
Tenth Circuit

January 24, 2018

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

CEDRIC GREENE,

     Plaintiff - Appellant,

v.

ACCESS SERVICES INC.,

     Defendant - Appellee.

No. 17-4150
(D.C. No. 2:16-CV-01272-CW)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **KELLY**, **MURPHY**, and **MATHESON**, Circuit Judges.
_____

Plaintiff-Appellant Cedric Greene, appearing pro se, appeals from the district

court's dismissal of his action for lack of subject matter jurisdiction.  Mr. Greene, on

behalf of his wife-to-be, Valerie Stephen, sued Access Services Inc. for $50,000,

alleging that an Access driver in California knocked Ms. Stephen to the ground.

Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

The district court dismissed Mr. Greene's claims because it found that he

failed to establish diversity or subject matter jurisdiction.  <u>Greene v. Access Serv.</u>

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  <u>See</u> Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

<u>Inc.</u>, No. 16-cv-1272-CW-EJF, 2017 WL 3912985, at \*2 (D. Utah Sept. 7, 2017). We agree. There is no diversity jurisdiction because the complaint sought under $75,000; moreover, the complaint lacks allegations concerning the citizenship of Mr. Greene, Ms. Stephen, or Access. <u>See</u> 28 U.S.C § 1332(a)(1). Additionally, Mr. Greene failed to establish that his case arises under the Constitution, laws, or treaties of the United States for purposes of federal question jurisdiction. <u>See</u> <u>id.</u> § 1331. As noted by the district court, Mr. Greene's claims of intentional infliction of emotional distress and negligence are state, not federal, claims. <u>Greene</u>, 2017 WL 3912985, at \*2. Finally, we conclude that this appeal is frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). <u>See</u> <u>DeBardeleben v. Quinlan</u>, 937 F.2d 502, 505 (10th Cir. 1991) (requiring a reasoned and nonfrivolous argument to proceed on appeal IFP). The district court found it unnecessary to address whether Mr. Greene could represent Ms. Stephen; we agree with the magistrate judge that he may not. <u>See</u> 28 U.S.C. § 1654 ("[P]arties may plead and conduct their own cases personally or by counsel. . . .").

AFFIRMED. We DENY IFP status.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge

2