**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

CEDRIC GREENE,

      Plaintiff - Appellant,

v.

SPRINT NEXTEL CORPORATION,

      Defendant - Appellee.

No. 18-3027
(D.C. No. 6:18-CV-01005-EFM-KGG)
(D. Kan.)

_____

CEDRIC GREENE,

      Plaintiff - Appellant,

v.

GREYHOUND LINES, INC.,

      Defendant - Appellee.

No. 18-3040
(D.C. No. 6:18-CV-01014-EFM-GEB)
(D. Kan.)

_____

CEDRIC GREENE,

      Plaintiff - Appellant,

v.

HOUSING AUTHORITY OF THE CITY
OF LOS ANGELES,

      Defendant - Appellee.

No. 18-3047
(D.C. No. 6:18-CV-01009-EFM-KGG)
(D. Kan.)

_____

CEDRIC GREENE,

Plaintiff - Appellant,

v.

TERRI HARRIS; VICKI BROACH,

Defendants - Appellees.

_____

CEDRIC GREENE,

Plaintiff - Appellant,

v.

FLORITTA GRAY,

Defendant - Appellee.

No. 18-3048
(D.C. No. 6:18-CV-01026-JTM-KGG)
(D. Kan.)

No. 18-3049
(D.C. No. 6:18-CV-01027-EFM-GEB)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **EID**, **KELLY**, and **O'BRIEN**, Circuit Judges.

_____

Plaintiff Cedric Greene filed five pro se complaints in United States District

Court for the District of Kansas, all of which were *sua sponte* dismissed for lack of

subject-matter jurisdiction, lack of venue or failure to state a claim. All the

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

complaints were duplicitous of complaints Greene had previously filed in other federal district courts. Appearing pro se, Greene now appeals these five Kansas dismissals. We exercise jurisdiction under 28 U.S.C. § 1291. On de novo review, we affirm. *See Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007) (noting that de novo review applies to dismissals 28 U.S.C. § 1915(e)(2)(B)); *Symes v. Harris*, 472 F.3d 754, 757 (10th Cir. 2006) (holding that de novo review applies to dismissals for lack of subject-matter jurisdiction). We also *sua sponte* impose filing restrictions on Greene, subject to any objection he files within ten days from the date of this decision.

## I. District of Kansas Cases on Appeal

*Greene v. Sprint Nextel Corp.*, No. 18-3027.

Greene asserted a claim for negligent infliction of emotional distress against Sprint Nextel Corporation ("Sprint"), alleging it provided false information in California litigation. Greene said he filed his complaint in the District of Kansas because California federal courts have sanctioned him as a vexatious litigant. The district court dismissed his complaint under 28 U.S.C. § 1915(e)(2)(B) for lack of jurisdiction because Greene's complaint asserted the amount in controversy was $60,000, below the requisite $75,000. "Under 28 U.S.C. § 1332, a party must show that complete diversity of citizenship exists between the adverse parties and that the amount in controversy exceeds $75,000." *Symes*, 472 F.3d at 758. Greene asserted this same claim against Sprint in a complaint filed in the District of Utah, which was also dismissed for lack of jurisdiction because the amount in controversy was only

3

$60,000. *See Greene v. Sprint Nextel Corp.*, 690 F. App'x 614, 615 (10th Cir. 2017) (affirming dismissal). The District of Kansas imposed filing restrictions on Greene based on the duplicative and frivolous nature of this complaint as well as the other four complaints he filed in the District of Kansas, discussed below. The district court gave Greene fourteen days to file an objection to the filing restrictions, but Greene did not file an objection.

On appeal, Greene argues the district court abused its discretion in not allowing him to proceed in the District of Kansas. But as the district court told Greene, a court must dismiss a matter upon concluding that it lacks subject-matter jurisdiction. Fed. R. Civ. P. 12(h)(3). Subject-matter jurisdiction is a constitutional and statutory requirement that cannot be waived by the courts or the parties. *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701-02 (1982). We affirm.

<u>*Greene v. Greyhound Lines*, No. 18-3040.</u>

Greene asserted a claim for negligent infliction of emotional distress against Greyhound Lines, Inc. (Greyhound"), because his bus ticket was stolen prior to his trip and Greyhound refused to help him. Greene asserted this same claim against Greyhound in the Districts of Utah and Nevada. *See Greene v. Greyhound Lines*, No. 16-4132, slip op. at 2 (10th Cir. June 13, 2017) (unpublished order and judgment) (affirming dismissal for lack of jurisdiction); *Greene v. Greyhound Lines, Inc.*, No. 2:15-cv-00174-RFB-GWF, 2015 WL 2168855, at *2-3 (D. Nev. May 7, 2015). In his Kansas complaint, he said he was filing his complaint there because he

4

was under filing restrictions in California and Utah and has family ties in Wichita. The district court dismissed the complaint under § 1915(e)(2)(B) for lack of venue and lack of personal jurisdiction over Greyhound because Greene's complaint alleged no facts that Greyhound resided in Kansas or that any of the events at issue occurred in Kansas.

On appeal, Greene argues the district court erred in not transferring his complaint to a court where venue might exist. We find no abuse of discretion, given that the suit was filed in such an obviously improper venue, and affirm. *See Empr's v. Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1164 (10th Cir. 2010) (applying abuse of discretion review to determination of venue). We also deny Greene's request for a new briefing schedule.

*Greene v. Hous. Auth. of City of L.A.*, No. 18-3047.

Greene asserted a claim for negligence against the Housing Authority of the City of Los Angeles ("HACLA"), asserting it failed to respond to his complaints about his housing conditions. Greene asserted this same claim against HACLA in the District of Utah. *Greene v. Hous. Auth. of City of L.A.*, 690 F. App'x 617, 617-18 (10th Cir. 2017) (affirming dismissal for lack of jurisdiction). Greene's Kansas complaint stated he was filing in that district because he was under filing restrictions in other states. The district court *sua sponte* dismissed the suit under § 1915(e)(2)(B) because Greene's complaint failed to allege any facts demonstrating the court had jurisdiction or venue.

5

Nothing in Greene's appellate brief challenges the district court's dismissal. The district court correctly dismissed this complaint for lack of jurisdiction, and we affirm. We also deny Greene's request to take judicial notice of a supplemental pleading he sought to file in district court.

_Greene v. Harris_, No. 18-3048.

Greene filed a complaint against Terri Harris and Vicki Broach, but the nature of his allegations and cause of action against them are unclear. He states that persons, not Harris or Broach, used a deadly weapon against him in Hot Springs, Arkansas, then fled the scene. Greene does not explain how Harris and Broach are connected to this incident. Greene filed a similar complaint against Harris and Broach in the Districts of Arkansas and Utah. _Greene v. Harris_, 641 F. App'x 667, 668 (8th Cir. 2016) (per curiam) (affirming dismissal for failure to state a claim); _Greene v. Harris_, No. 2:17-CV-276-DN-EJF, 2017 WL 7355302 (D. Utah July 14, 2017) (dismissing for lack of jurisdiction and venue). Greene's Kansas complaint stated he filed suit in that district because other federal courts had shown no interest in resolving his issue. The district court dismissed his complaint under § 1915(e)(2)(B) for failure to state a claim because Greene failed to allege any discernable cause of action. The district court also denied Greene's request for a change of venue.

On appeal, Greene argues his complaint could have been read to state a claim for intentional infliction of emotional distress and that the district court should have transferred the case to another court. There are no factual allegations in his

6

complaint that would plausibly assert an intentional infliction of emotional distress claim, and the district court did not abuse its discretion in denying Greene's change of venue request. We affirm.

*Greene v. Gray*, No. 18-3049.

Greene asserted claims for intentional infliction of emotional distress and negligence against Floritta Gray, his California landlord, alleging the rental property was in disrepair. Greene asserted this same claim against Gray in a complaint filed in the District of Utah. *Greene v. Gray*, No. 2:16-CV-00804-JNP-EJF, 2017 WL 3705075, at *1-2 (D. Utah Aug. 28, 2017) (dismissing claim for lack of jurisdiction and venue). He said he filed his complaint in the District of Kansas because California courts had deemed him a vexatious litigant and abusive filer. The district court dismissed the suit under Rule 12(h)(3), ruling Greene's complaint alleged no facts to support the court's personal jurisdiction over Gray, or venue.

On appeal, Greene argues the district court should have transferred this case to another court with proper venue. The district court correctly dismissed this complaint for lack of jurisdiction and improper venue and did not abuse its discretion in not transferring the case to another court.

We conclude that this appeal is frivolous and therefore deny Greene's request to proceed in appeal No. 18-3049 in forma pauperis. *See DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991) (requiring a reasoned and nonfrivolous argument to proceed on appeal without prepayment).

7

## II. Filing Restrictions

This court and numerous district courts repeatedly have explained the jurisdictional and venue requirements to file a claim in a given federal court to Greene.[1] Greene has repeatedly ignored these explanations and simply reasserted the same meritless claims in another federal district. Given that the complaints and appeals at issue here are duplicative of earlier actions dismissed on the same grounds, Greene had to know that these appeals were patently frivolous.

We cautioned Greene in January 2018 that he was abusing the appellate process and to carefully reflect on the legitimacy of any future appeals in this court.

---

[1] This court has explained to Greene, in several orders affirming dismissal of his complaints for lack of jurisdiction, the principles underlying a federal court's assertion of subject-matter jurisdiction. For example, we explained to him that:

> Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). A court must dismiss a case upon concluding that it lacks subject-matter jurisdiction. Fed. R. Civ. P. 12(h)(3). The party asserting subject-matter jurisdiction must overcome a presumption against jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

> The basic statutory grants of federal subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Section 1331 provides for federal-question jurisdiction, § 1332 for diversity of citizenship jurisdiction. A party invokes § 1331 jurisdiction by pleading a colorable claim "arising under" the Constitution or laws of the United States. *See Bell v. Hood*, 327 U.S. 678, 681–85 (1946). A party invokes § 1332 jurisdiction by demonstrating that the parties have diverse citizenship and that the claim exceeds $75,000. *See* 28 U.S.C. § 1332(a); *Arbaugh*, 546 U.S. at 513.

*Sprint Nextel Corp.*, 690 F. App'x at 614-15 (parallel citations omitted). The Districts of Utah and Kansas explained these same principles to Greene on at least sixteen occasions.

*Greene v. Direct TV, Inc.*, No. 17-4145, 708 F. App'x 528, 529 (10th Cir. 2018) (affirming the dismissal of another case dismissed for lack of subject matter jurisdiction). We told Greene that litigants who abuse the appellate process may be subject to filing restrictions. *Id*. Despite this warning, Greene filed the five frivolous appeals at issue here in April and May, 2018.

"Federal courts have the inherent power to regulate the activities of abusive litigants by imposing carefully tailored restrictions under appropriate circumstances." *Ysais v. Richardson*, 603 F.3d 1175, 1180 (10th Cir. 2010). Filing restrictions are appropriate where the litigant's lengthy and abusive history is set forth; the court provides guidelines as to what the litigant may do to obtain its permission to file an action; and the litigant receives notice and an opportunity to oppose the court's order before it is implemented. *Id*.

As set forth above, Greene's filings in this court and the district court reveal a pattern of duplicative, abusive, and frivolous litigation. Greene was granted the privilege of proceeding in forma pauperis in previous appeals to this court, but he has abused that privilege.[2] Moreover, Greene has a lengthy history of frivolous litigation in other courts, which has resulted in filing restrictions imposed on him in the Ninth

---

[2] In addition to the numerous frivolous appeals in this circuit noted above, we recently determined that another of Greene's appeals was frivolous. *Greene v. Access Serv. Inc.*, No. 17-4150, 709 F. App'x 523, 524 (10th Cir. 2018) (affirming dismissal for lack of jurisdiction and denying *in forma pauperis* status based on the frivolous appeal).

Circuit, the Districts of Kansas and Utah, as well as federal district courts in California and Nevada.[3]

Consequently, whether or not Greene pays a full filing fee, this court proposed to enjoin Greene from filing an appeal in this court that raises the same or similar issues arising out of the same or similar set of facts and circumstances as asserted in Tenth Circuit appeal Nos. 18-3027; 18-3040;18-3047; 18-3048; 18-3049; 17-4150; 17-4145; 16-4133; 16-4132; 16-4148, or that argues or asserts a federal district court or this court should waive subject-matter jurisdiction. We emphasize again to Greene that no court can waive subject-matter jurisdiction, *Compagnie des Bauxites*, 456 U.S. at 702, and any argument he makes requesting a court do so is frivolous.

Greene shall have ten days from the date of this order and judgment to file written objections, limited to fifteen pages, to these proposed restrictions. Unless this court orders otherwise upon review of any objections, the restrictions shall take effect twenty days from the date of this order and judgment and shall apply to any appeal filed by Greene after that time.

---

[3] *See In re: Greene*, No. 08-80128 (9th Cir. Jun 2, 2011) (unpublished order imposing pre-filing restrictions); *Greene v. Sprint Nextel Corp.*, No. 18-1005-EFM-KGG, 2018 WL 851345, at *2 (D. Kan. Feb. 14, 2018) (same); *Gray*, 2017 WL 3705075, at *2 (same); *Greene v. Dantzler*, No. 2:15-CV-02096-GMN-PAL, 2017 WL 663672, at *4 (D. Nev. Feb. 15, 2017) (noting that the Central District of California had declared Greene a vexatious litigant as a result of filing over 70 non-meritorious actions in that district in an unpublished order, *Greene v. Men's Central Jail*, No. 11–cv–02359 UA (SS) (C.D. Cal. May 10, 2011) (unpublished order).

All of the judgments are affirmed. Greene's motion in No. 18-3040 for a new briefing schedule and his motion in No. 18-3047 to take judicial notice of a supplemental pleading are denied. Greene's request to proceed *in forma pauperis* in No. 18-3049 is denied, and he is directed to immediately pay the entire $505 appellate filing and docketing fee in that appeal.

Judge O'Brien concurs in the result.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge

11