**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 15, 2021**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

JOAN CAROL LIPIN,

    Plaintiff - Appellant,

v.

WISEHART SPRINGS INN, INC.;
ARTHUR D. WISEHART, in his
individual capacity and in his capacity as
President and "Alter-Ego" of Wisehart
Springs Inn, Inc.; MARK APELMAN;
DEBBIE GRIFFITH, in her official
capacity as Delta County Assessor;
REBECCA W. GEYER; ELLEN E.
WISEHART; RICHARD HUNTER
KREYCIK; ERIN M. JAMESON,

    Defendants - Appellees.

No. 20-1007
(D.C. No. 1:19-CV-00935-RBJ)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **HOLMES**, and **EID**, Circuit Judges.
_____

    Plaintiff Joan C. Lipin appeals the dismissal, pursuant to Fed. R. Civ. P.

12(b)(6), of her claims arising out of a dispute over property in Paonia, Colorado (the

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

"Property"). Exercising jurisdiction under 28 U.S.C. § 1291, we affirm the judgment of the district court. Further, we conclude the appeal is frivolous. Accordingly, we invite Defendants to move for an award of sanctions pursuant to Fed. R. App. P. 38, and we direct Lipin to respond by the designated deadline. We also *sua sponte* impose filing restrictions on Lipin, subject to any objection she files within twenty days from the date of this decision.

## BACKGROUND

This action is one of several brought by Lipin arising out of a dispute concerning ownership of the Property. She has pursued this matter in federal and state court, in this jurisdiction and others. The majority of the underlying facts surrounding the dispute are set forth in *Lipin v. Wisehart*, 760 F. App'x 626, 629–32 (10th Cir. 2019) ("*Lipin I*") (per curiam), and we need not restate them here. In *Lipin I*, this court affirmed the district court's grant of summary judgment against Lipin. The undisputed material facts established that the Property was owned by the Dorothy R. Wisehart Trust, Arthur McKee Wisehart ("AMW") and Arthur Dodson Wisehart ("ADW") were co-trustees of the Trust, documents purporting to convey the Property to AMW himself and/or to Lipin were invalid, and Lipin had no ownership interest in the Property whatsoever. We rejected Lipin's challenges to the district court's conclusions and found her appeal to be frivolous, ultimately assessing sanctions in the amount of $15,000 pursuant to Fed. R. App. P. 38 and imposing filing restrictions until Lipin paid the sanctions.

2

Approximately two-and-a-half months after we decided *Lipin I*, Lipin filed this action, once again asserting she was the true owner of the Property and seeking declaratory relief to that effect. She again sought ejectment of Defendants and compensatory damages. In this suit, she added claims for violations of the Racketeer Influenced and Corrupt Organizations Act, claims for violations of her civil rights under 42 U.S.C. § 1983, and assorted allegations of fraud, conspiracy, and civil theft. She named all of the defendants from the first action as well as Mark Apelman, the Wiseharts' attorney; Debbie Griffith, the Delta County assessor; and Ellen Geyer, an Indiana attorney who served as an expert witness for the defendants in *Lipin I*.

Lipin's history of litigation misconduct is well documented. Indeed, multiple courts have surveyed and documented cases throughout the country in which she has been sanctioned for her behavior, including the filing of frivolous suits. *See, e.g.*, *Lipin v. Hunt*, 573 F. Supp. 2d 836, 842–43 (S.D.N.Y. 2008) (discussing six prior cases in which Lipin was sanctioned for litigation misconduct); *Lipin v. Hunt,* No. 14-cv-1081-(RJS), 2015 WL 1344406, at *1 & n.1 (S.D.N.Y. Mar. 20, 2015) (collecting twelve such cases). The District Court for the Southern District of New York has stated: "[Lipin's] *modus operandi* is clear: she litigates variations of the same meritless claims against an ever-growing group of defendants over and over. Once [Lipin] receives the inevitably unfavorable decision, she simply brings the lawsuit again, adding lawyers, judges, and court clerks as defendants." *Lipin v. Hunt*, 2015 WL 1344406, at *11. The district court in this case found that this "is precisely what she has done here." R. Vol. 2 at 33. The court therefore dismissed Lipin's

3

amended complaint under Rule 12(b)(6) and imposed filing restrictions barring her from bringing any further pro se lawsuits in the District of Colorado, in her name or anyone else's name, "which raise[] her claim of ownership of the Paonia property" or related claims without first obtaining judicial leave. *Id.* at 39.

We consider the legal issues raised on appeal and take measures to redress Lipin's repeated abuse of the litigation process.

## DISCUSSION

Initially, we note that large portions of Lipin's briefs are devoted to irrelevant, conclusory, and incomprehensible argument. Fed. R. App. P. 28(a)(8)(A) requires that an appellate brief include "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." Arguments that consist of "mere conclusory allegations with no citations to the record or any legal authority for support" do not meet this requirement and may be deemed waived. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 841 (10th Cir. 2005).[1] With these precepts established, we turn to the three issues Lipin raises on appeal.

---

[1] This is not the first time this court has found deficiencies in Lipin's written submissions to this court. Her briefing in *Lipin I* was replete with similar problems. *See Lipin v. Wisehart*, 760 F. App'x at 633. Further, our resolution of the issues in this appeal does not depend on our construction of Lipin's pleadings: even if we construed her arguments more generously, we would readily conclude they were meritless.

4

1. *Issue Preclusion*

Lipin first argues the district court misapplied the doctrines of claim and issue preclusion in its order dismissing her case and imposing filing restrictions. We agree with the district court that issue preclusion applies here, so we need not consider the applicability of claim preclusion (res judicata).

Collateral estoppel, also referred to as issue preclusion, "bars a party from relitigating an issue once it has suffered an adverse determination on the issue, even if the issue arises when the party is pursuing or defending against a different claim." *Park Lake Res. LLC v. U.S. Dep't Of Agric.*, 378 F.3d 1132, 1136 (10th Cir. 2004). The district court concluded, and Lipin does not dispute, that each of her claims in this action depended on a finding that she has an ownership interest in the Property. Thus, because it was conclusively established in *Lipin I* that Lipin does not have any ownership interest in the Property, *see Lipin*, 760 F. App'x at 632–35, if collateral estoppel applies, the district court properly dismissed her claims.

We apply a four-part test to determine whether collateral estoppel applies:

> (1) the issue previously decided is identical with the one presented in the action in question, (2) the prior action has been finally adjudicated on the merits, (3) the party against whom the doctrine is invoked was a party or in privity with a party to the prior adjudication, and (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action.

*Murdock v. Ute Indian Tribe of Uintah & Ouray Rsrv.*, 975 F.2d 683, 687 (10th Cir. 1992) (internal quotation marks omitted). We have no trouble concluding those elements are met here.

5

Regarding the first element, the relevant issue is whether Lipin has any interest in the Property. In her amended complaint, Lipin alleges that she is "the legal title owner, in fee simple absolute, of [the Property]." R. Vol. 1 at 246. Her claims for relief demand damages, declaratory relief that she is the owner of the Property, and ejectment of Defendants from the Property. *Id.* at 272. She is not entitled to such relief if, as the district court held, she is not the legal owner of the Property. Lipin does not challenge this conclusion on appeal. Instead, she appears to argue the ownership of the Property was not fully decided in *Lipin I*. This contention, though, is plainly belied by the court's summary judgment order in the earlier case, which we summarized in our decision affirming the same:

> In February 2018, the district court denied Lipin's summary judgment motion, granted Defendants' cross-motion, and entered judgment for Defendants. In doing so, the court found there were no material disputed facts and that as a matter of law AMW and ADW were co-trustees of the Trust pursuant to the Appointment of Co-Trustee document and that AMW had no right as a co-trustee to convey the Property to himself individually. . . . [T]he district court held the Trust continued to own the Property because AMW held no interest in it when he quit-claimed his interest to Lipin in 2016. As a result, the district court held, Lipin's trespass and ejectment claims necessarily failed and Defendants were entitled to summary judgment.

*Lipin I*, 760 F. App'x at 631. The first element of collateral estoppel is therefore met.

Regarding the second element, we have "recognize[d] that summary judgment operates as an adjudication on the merits." *Goichman v. City of Aspen*, 859 F.2d 1466, 1471 n.13 (10th Cir. 1988). Lipin does not contest this well-established

6

principle. She does argue, however, that the prior adjudication of her ownership of the Property was not "final" because the defendants in *Lipin I* obtained the judgment against her through fraud. She relies upon Fed. R. Civ. P. 60(d)(1) and (3), which allow a court to "entertain an independent action to relieve a party from a judgment, order, or proceeding" or to "set aside a judgment for fraud on the court." But Lipin's amended complaint did not ask the district court to set aside the judgment that we affirmed in *Lipin* I; instead, she recast substantially all of the substantive allegations made in the first action and added new defendants. Moreover, Lipin's RICO claims in this action do not undermine the preclusive effect of the judgment that this court affirmed in *Lipin I*. *See Knight v. Mooring Cap. Fund, LLC*, 749 F.3d 1180, 1187 (10th Cir. 2014) ("[T]he remedies under RICO do not include setting aside a prior judgment or undermining its preclusive effect by a collateral attack."). And the type of "fraud" Lipin describes in her amended complaint—false statements, fraudulent documents, and perjurious testimony regarding Defendants' ownership interest in the Property—does not rise to the level of fraud *on the court*, as is required for relief under Rule 60(d)(3):

> Fraud on the court . . . is fraud which is directed to the judicial machinery itself and is not fraud between the parties or fraudulent documents, false statements or perjury. . . . It is thus fraud where the court or a member is corrupted or influenced or influence is attempted or where the judge has not performed his judicial function—thus where the impartial functions of the court have been directly corrupted.

7

*Bulloch v. United States*, 763 F.2d 1115, 1121 (10th Cir. 1985). We therefore conclude that *Lipin I* was finally adjudicated on its merits, notwithstanding Lipin's allegations in the present suit. The second element of collateral estoppel is therefore satisfied.

The third and fourth elements are satisfied as well. The doctrine is invoked against Joan Lipin, the plaintiff here and in *Lipin I*, so privity exists. "In the context of a defendant's motion for summary judgment, a plaintiff has a full and fair opportunity to litigate if it is allowed to submit evidence to defeat a motion for summary judgment." *Matosantos Com. Corp. v. Applebee's Int'l, Inc.*, 245 F.3d 1203, 1211 (10th Cir. 2001). Lipin was allowed to, and did, submit evidence in opposition to the motion for summary judgment in *Lipin I*. She also moved for summary judgment herself. *Lipin I*, 760 F. App'x at 631. She thus had a full and fair opportunity to support her claim that she owns the Property.

Because all four elements of collateral estoppel are satisfied, the district court correctly dismissed Lipin's amended complaint.

The district court also dismissed some of Lipin's claims against Griffith (the Delta County assessor) and Geyer (the attorney who served as an expert in the prior litigation) under the Colorado Governmental Immunity Act and the doctrine of testifying witness immunity, respectively. We affirm these dismissals for substantially the same reasons set forth in the district court's well-reasoned order dated January 3, 2020. *See* R. Vol. 2 at 37–38.

## 2.    *Judicial Notice*

Lipin next argues the district court erred by taking judicial notice of *Lipin I* when it dismissed her complaint on the basis of issue preclusion without converting the motion to a Fed. R. Civ. P. 56 motion for summary judgment.  She further argues the district court erred by not taking judicial notice of an affidavit in another case.  These arguments lack merit.  A district court has authority to "take judicial notice of its own records to evaluate preclusion."  *Knight*, 749 F.3d at 1187; *see also Gee v. Pacheco*, 627 F.3d 1178, 1194 (10th Cir. 2010) ("The district court properly referred to its records to dismiss these allegations.") (finding claim preclusion).  Moreover, because the facts of *Lipin I* conclusively establish that Lipin is not entitled to any of the relief she seeks in the instant action, her reference to an affidavit in another case is immaterial.

## 3.    *Disqualification*

Last, Lipin asserts the district court erred in denying her cross-motion to disqualify Apelman as counsel for some of the Defendants.  Her argument on this issue consists only of a single, conclusory sentence accompanied by citations to three non-binding authorities and lacking any explanation or analysis whatsoever.  Under these circumstances, we conclude Lipin waived her challenge to the district court's order denying her motion to disqualify.  *See Garrett*, 425 F.3d at 841.

## SANCTIONS

All Defendants have argued that sanctions are appropriate under Fed. R. App. P. 38 because the appeal is frivolous.  "An appeal is frivolous when the result is

9

obvious, or the appellant's arguments of error are wholly without merit." *Braley v. Campbell*, 832 F.2d 1504, 1510 (10th Cir. 1987) (internal quotation marks omitted). Other indicia of a frivolous appeal include rambling briefs, citation to irrelevant authority, and continued attempts to relitigate matters already concluded. *See id.* at 1513 (collecting cases from other circuits finding such conduct frivolous). It is particularly troubling that the sanctions that multiple courts have imposed on Lipin for repeated abuse of the judicial process have not meaningfully deterred her conduct.

Before we can impose sanctions for a frivolous appeal, the person who may be subject to sanctions must receive notice that sanctions are being considered and an opportunity to respond. *Id.* at 1514-15; *see* Fed. R. App. P. 38 (stating court may award sanctions "after a separately filed motion or notice from the court and reasonable opportunity to respond"). Because Defendants have not requested sanctions in a separately filed motion, Lipin has not had an opportunity to respond to their request. We could provide such an opportunity by ordering Lipin to show cause as to why we should not sanction her under Rule 38, but we would also like to receive additional information from Defendants to help inform our sanctions decision.

Just as we did in *Lipin I*, therefore, we order that, within fifteen days of this order and judgment, Defendants file a motion describing in detail the sanctions sought and the basis therefor. Lipin shall have fifteen days from the last-filed submission by Defendants to show cause why she should not be sanctioned. The

10

parties' submissions on this subject will guide our determination regarding the imposition and size of an appropriate monetary sanction. All parties shall comply with the length limits in Fed. R. App. P. 27(d)(2); if, however, Defendants file separate motions and Lipin elects to file a unitary response, her response must not exceed thirty pages. The parties need not provide hard copies of their filings.

## FILING RESTRICTIONS

"Federal courts have the inherent power to regulate the activities of abusive litigants by imposing carefully tailored restrictions under appropriate circumstances." *Ysais v. Richardson*, 603 F.3d 1175, 1180 (10th Cir. 2010). Filing restrictions are appropriate where the litigant's lengthy and abusive history is set forth; the court provides guidelines as to what the litigant may do to obtain its permission to file an action; and the litigant receives notice and an opportunity to oppose the court's order before it is implemented. *Id.*

We conclude that Lipin's previous appellate filings warrant imposing limited restrictions upon her with respect to further pro se filings with this court. Therefore, in order to proceed pro se in this court in any civil appeal or original proceeding for mandamus or prohibition that raises the same or similar issues relating to the Property as asserted in Tenth Circuit Case Nos. 18-1060, 18-1176, and 20-1007, Lipin must provide this court with:

1.      A list of all appeals or original proceedings filed concerning the Property, whether currently pending or previously filed with this court, including the

11

name, number, and citation, if applicable, of each case, and the current status or disposition of each appeal or original proceeding; and

2. A notarized affidavit, in proper legal form, which recites the issues she seeks to present, including a short discussion of the legal basis asserted therefor, and describing with particularity the order being challenged. The affidavit must also certify, to the best of Lipin's knowledge, that the legal arguments being raised are not frivolous or made in bad faith; that they are warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; that the appeal or original proceeding is not interposed for any improper purpose, such as delay or to needlessly increase the cost of litigation; and that she will comply with all appellate and local rules of this court.

These filings shall be submitted to the Clerk of the court, who shall forward them for review to the Chief Judge or his designee, to determine whether to permit Lipin to proceed with a pro se civil appeal or original proceeding. Without such authorization, the matter will be dismissed. If the Chief Judge or his designee authorizes a pro se appeal or original proceeding to proceed, an order shall be entered indicating that the matter shall proceed in accordance with the Federal Rules of Appellate Procedure and the Tenth Circuit Rules.

Lipin shall have twenty days from the date of this decision to file written objections, limited to fifteen pages, to these proposed restrictions. Unless this court orders otherwise upon review of any objections, the restrictions shall take effect

12

thirty days from the date of this order and judgment and shall apply to any appeal filed by Lipin after that time.

## CONCLUSION

For the foregoing reasons, we affirm the judgment of the district court. Defendants are invited to move for an award of sanctions against Lipin, and Lipin shall respond by the designated deadline. In addition, Lipin shall have twenty days from the date of this decision to file written objections to the proposed filing restrictions.

Entered for the Court


Allison H. Eid
Circuit Judge