**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

**January 16, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

_____

MEGAN KYTE,

    Plaintiff - Appellant,

v.

STATE OF COLORADO,

    Defendant - Appellee.

_____

MEGAN KYTE,

    Plaintiff - Appellant,

v.

STATE OF OREGON,

    Defendant - Appellee.

_____

No. 23-1369
(D.C. No. 1:23-CV-02999-LTB)
(D. Colo.)

No. 23-1371
(D.C. No. 1:23-CV-02971-LTB)
(D. Colo.)

_____

### ORDER AND JUDGMENT[*]

_____

Before **MATHESON**, **BRISCOE**, and **EID**, Circuit Judges.[**]

_____

    [*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

    [**] After examining the briefs and appellate record, this panel has determined unanimously to honor the Appellant's request for a decision on the briefs without oral argument (the Appellees have not filed briefs).  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore submitted without oral argument.

Megan Kyte appeals pro se the district court's dismissals without prejudice of two actions under Federal Rule of Civil Procedure 41(b).[1]  Ms. Kyte also requests leave to proceed *in forma pauperis* ("*ifp*").  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm the district court's dismissals and deny Ms. Kyte's request to proceed *ifp*.

We also warn Ms. Kyte that we may restrict her from appealing *ifp* the dismissal of cases if she continues to disregard the filing restrictions the district court has placed upon her.

## I.  BACKGROUND

In 2022, the United States District Court for the District of Colorado enjoined Ms. Kyte from filing pro se civil actions in that court without (1) representation of an attorney licensed to practice in Colorado or (2) leave of the court to proceed pro se. *Kyte v. Mayes*, No. 22-cv-02392, slip op. at 5-9 (D. Colo. Oct. 31, 2022).[2]  Despite these restrictions, Ms. Kyte filed two pro se actions without obtaining leave of the court.  In the first, she alleged that the State of Colorado discriminated against her by failing to issue her a state identification card.  In the second, she made the same allegation against the State of Oregon.

---

[1] Because Ms. Kyte appears pro se, "we liberally construe [her] filings, but we will not act as [her] advocate." *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

[2] We may take judicial notice of publicly filed court records. *United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007).

The district court dismissed both actions because Ms. Kyte was not represented by counsel and did not obtain permission to proceed pro se. It also denied Ms. Kyte *ifp* status on appeal, certifying that any appeals would not be in good faith under 28 U.S.C. § 1915(a)(3).

Ms. Kyte appeals the district court's dismissals.

## II. DISCUSSION

### A. *District Court Dismissals*

We review a district court's dismissal for failure to comply with a court order for abuse of discretion. *Cosby v. Meadors*, 351 F.3d 1324, 1326 (10th Cir. 2003). A district court abuses its discretion when it "makes a clear error of judgment or exceeds the bounds of permissible choice in the circumstances." *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1143 (10th Cir. 2007) (quotations and alterations omitted).

#### 1. Legal Background

##### a. *Federal Rule of Civil Procedure 41(b)*

Federal Rule of Civil Procedure 41(b) provides that "[i]f [a] plaintiff fails to . . . comply with . . . a court order, a defendant may move to dismiss the action." "Rule [41(b)] has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to . . . comply with the . . . court's orders." *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003).

b.  *Filing restrictions*

"Federal courts have the inherent power to regulate the activities of abusive litigants by imposing carefully tailored restrictions under appropriate circumstances." *Ysais v. Richardson*, 603 F.3d 1175, 1180 (10th Cir. 2010).  Filing restrictions "are appropriate where (1) the litigant's lengthy and abusive history is set forth; (2) the court provides guidelines as to what the litigant must do to obtain permission to file an action; and (3) the litigant received notice and an opportunity to oppose the court's order [imposing filing restrictions] before it [was] instituted." *Id.* (quotations omitted).

2.  **Application**

On appeal, Ms. Kyte does not challenge the filing restrictions or the district court's finding that she did not comply with them, and she does not identify any efforts she made to comply.  She instead reasserts her arguments against Colorado and Oregon and says that she "do[es] not want an attorney."  Aplt. Br. at 2-4. Ms. Kyte has waived any challenge to the district court's dismissal orders by failing to address the basis for its rulings on appeal.  *See Toevs v. Reid*, 685 F.3d 903, 911 (10th Cir. 2012).  She otherwise has failed to show that the district court's dismissals for failure to comply with filing restrictions was an abuse of discretion.

## B. *Warning*

Although "litigiousness alone is not a sufficient reason to restrict access to the court," Ms. Kyte's "abusive and repetitive filings have strained the resources of this court." *In re Winslow*, 17 F.3d 314, 315 (10th Cir. 1994).  In the past two years, she

4

has filed ten appeals, including the two we decide today.  In all eight of her resolved

appeals, we have affirmed the district court's dismissal or entered dismissal orders

without reaching the merits of her appeal.[3]  Three of the resolved appeals challenged

the district court's dismissals for failure to comply with its filing restrictions.[4]  In

each of those cases, Ms. Kyte demonstrated no attempt to comply with the

restrictions and did not address the basis for the dismissals on appeal.  The same is

true here.

We therefore warn Ms. Kyte that we may restrict her from appealing *ifp* the

dismissal of cases if she continues to disregard the filing restrictions the district court has

placed upon her.

### III.  CONCLUSION

We affirm the district court's dismissals.  Because Ms. Kyte has not presented

any "reasoned, nonfrivolous argument" in support of her appeal, we also deny her

---

[3] *In re: Megan Kyte*, No. 22-1121, slip op. (10th Cir. May 18, 2022); *Kyte v. Kyte*, No. 22-1213, 2022 WL 3910507 (10th Cir. Aug. 31, 2022); *Kyte v. IRS*, No. 22-1318, slip op. (10th Cir. Dec. 7, 2022); *Kyte v. King*, No. 22-1317, slip op. (10th Cir. Dec. 20, 2022); *Kyte v. Mayes*, No. 22-1397, slip op. (10th Cir. Jan. 23, 2023); *Kyte v. Denver Health*, No. 23-1199, 2023 WL 4742407 (10th Cir. July 25, 2023); *Kyte v. Oregon*, No. 23-1221, 2023 WL 5606234 (10th Cir. Aug. 30, 2023); *Kyte v. Colorado DMV*, No. 23-1045, 2023 WL 5995491 (10th Cir. Sept. 15, 2023).

[4] *Kyte v. Denver Health*, 2023 WL 4742407; *Kyte v. Oregon*, 2023 WL 5606234; *Kyte v. Colorado DMV*, 2023 WL 5995491.

request to proceed *ifp*.  *Lister v. Dep't of the Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005).

Entered for the Court

Scott M. Matheson, Jr.
Circuit Judge